390    APPELLATE COURTS OF ILLINOIS.

McCrotty v. Baltimore & Ohio S. W. R. Co., 223 Ill. App. 390.

## William McCrotty, Appellee, v. Baltimore & Ohio Southwestern Railroad Company, Appellant.

1. RAILROADS—*sufficiency of evidence to sustain verdict for injured street car conductor.* In an action by a street car conductor for injuries received when defendant's engine collided with the street car which plaintiff was boarding after going upon defendant's tracks to ascertain if the crossing was clear and signaling the car to cross under the belief that the way was clear, evidence examined and *held* sufficient to sustain a verdict for plaintiff.

2. RAILROADS—*admissibility of evidence in action by street car conductor for personal injuries.* In an action by a street car conductor for injuries received when defendant's engine collided with the street car in plaintiff's charge, evidence that no headlight was burning upon defendant's engine was admissible as bearing on the question of plaintiff's care but not as a basis of recovery.

3. NEGLIGENCE—*right to recover for acts not averred.* When a plaintiff sets out in his declaration the negligent acts of defendant which he claims entitles him to recover, he must prove such acts and cannot recover because of negligent acts not averred in the declaration even if such acts caused the injury.

4. MUNICIPAL CORPORATIONS—*when city ordinance need not be specially pleaded.* A city ordinance invoked as a defense may be introduced in evidence under the general inssue without specially pleading it.

5. MUNICIPAL CORPORATIONS—*when city ordinance must be specially pleaded.* When a cause of action is predicated upon a city ordinance, the ordinance must be specially pleaded to be admissible in evidence.

6. STATUTES—*when statute must be specially pleaded.* When a cause of action is predicated on a statute, the statute must be pleaded.

7. RAILROADS—*when defendant entitled to instruction that absence of headlight cannot be considered as negligence.* In an action for injuries received in a collision between defendant's engine and a street car, where the declaration did not allege a failure to have a headlight, defendant was entitled to an instruction that failure to have a headlight, even if proved, could not be considered as negligence in the case.

8. EVIDENCE—*when error to exclude photographs.* Where the accuracy and authenticity of photographs of the railroad and street car tracks and surroundings at the place of an accident were not questioned, it was error to exclude them on the ground that the situation was better described by the evidence.

McCrotty v. Baltimore & Ohio S. W. R. Co., 223 Ill. App. 390.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed October 25, 1921.

GRAHAM & GRAHAM, for appellant; MORISON R. WAITE, of counsel.

JOHN G. FRIEDMEYER, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellee brought an action in case against appellant for damages for personal injuries sustained and recovered a judgment for $2,250 and costs. He was a street car conductor and was attempting to cross the tracks of the railroad company at the intersection of Ninth and Madison streets, Springfield, Illinois, when the injuries in question were sustained. The street car, on which appellee was conductor, was going north in Ninth street and appellant's freight train was going west in Madison street on the north track. As the street car approached the Madison street crossing, the crossing was blocked by a Chicago, Peoria & St. Louis Railway Company freight train of seven or eight cars going east on the south track. The street car stopped about 30 feet from the south track to let the freight train pass. As soon as the freight train passed, appellee claims he went to a point midway between the two tracks to see if the crossing was clear for his car. The engine of the Chicago, Peoria & St. Louis Railway Company train was emitting smoke which was blowing northeasterly over the railroad track. Appellee testifies that he looked in each direction and, not seeing the approaching train of appellant, signaled his car to cross. The street car started to cross the railroad tracks and just as appellee stepped on the front of the street car the engine of appellant's train crashed into the street car and appellee was severely bruised and injured.

392 APPELLATE COURTS OF ILLINOIS.

McCrotty v. Baltimore & Ohio S. W. R. Co., 223 Ill. App. 390.

It is argued earnestly and at great length that appellant was guilty of no negligence and that appellee was guilty of contributory negligence. We have considered the evidence carefully and find there is evidence tending to show negligence on the part of appellant and tending to show due care on the part of appellee, and we cannot say that the verdict of the jury is manifestly against the weight of the evidence.

The evidence offered by appellee that no headlight was burning was properly admitted as bearing on the question of ordinary care on the part of appellee but not as a basis of recovery.

The declaration consists of three counts. The first count alleged the duty of appellant in approaching the crossing at Ninth street to either blow a whistle or ring a bell as required by statute, and charges that defendant did not give warning of the approach of its train, either by causing its whistle to be blown or ringing its bell, but negligently operated its train in approaching Ninth street without giving any warning. The second count charged excessive speed and the third count charged a violation of an ordinance requiring a watchman to operate crossing gates. This ordinance was not introduced in evidence, and no attempt was made to establish a liability under this third count.

On the trial the court, over the objection of appellant, admitted in evidence an ordinance of the City of Springfield containing the following, among other provisions: "Every locomotive engine, car or trains of cars, running in the nighttime on any railroad track in the city, shall have and keep a bright and conspicuous light at the forward end of such locomotive engine, car or trains of cars." It is claimed by appellant that the admission of this ordinance coupled with evidence of its violation constituted reversible error.

It is the settled law of this State that when a plaintiff sets out in his declaration the negligent acts of the

defendant, which he claims entitles him to recover, he must prove such acts, and he cannot recover because of negligent acts not averred in the declaration, even if such acts caused the injury. *Chicago City Ry. Co. v. Bruley,* 215 Ill. 464; *Crane Co. v. Hogan,* 228 Ill. 338.

Where an ordinance is invoked as a defense in a personal injury case, such ordinance may be introduced in evidence under the general issue without specially pleading the ordinance, but when a cause of action is predicated upon a statute or ordinance, the statute or ordinance must be pleaded. *Flynn v. Chicago City Ry. Co.,* 250 Ill. 460. Unless so specially pleaded, the ordinance is not admissible in evidence. *Illinois Cent. R. Co. v. Godfrey,* 71 Ill. 500; *Blanchard v. Lake Shore & M. S. Ry. Co.,* 126 Ill. 416; *United States Brewing Co. v. Stoltenberg,* 211 Ill. 531.

It is claimed that the court erred in refusing appellant's instruction that a failure to have any headlight, even if proved, could not be considered as negligence in this case. The declaration did not allege a failure to have a headlight and appellant had a right to have the jury so instructed.

Appellant offered in evidence photographs, the accuracy and authenticity of which were not questioned, of the tracks and surroundings of the scene of the accident. The court sustained an objection to their admission on the ground that the evidence better described the situation than the photographs. The ruling of the court was error.

The case was a very close one and we cannot say that appellant was not prejudiced by the erroneous rulings of the court upon the admission of evidence and the refusal of instructions.

The cause is therefore reversed and remanded.