# Farmers Bank of Downs, Appellant, v. Matthew D. Ryan, Appellee.

1. BILLS AND NOTES—*when instrument payable to order is negotiated.* Where a negotiable instrument is payable to order, it is negotiated by the indorsement of the holder, completed by delivery (Cahill's Ill. St. ch. 98, ¶ 50).

2. BILLS AND NOTES—*what constitutes valid indorsement of note made to joint payees.* To constitute a valid indorsement of a promissory note payable to the order of two or more payees who are not partners, all must indorse unless the one indorsing has authority to indorse for the others (Cahill's Ill. St. ch. 98, ¶ 61).

3. PLEADING—*taking averment as true on demurrer.* A declaration upon a promissory note, payable to several payees, in which it is averred that the single indorser was authorized by the payees to transfer the note as it was transferred, must be taken as true upon demurrer.

4. BILLS AND NOTES—*sufficiency of averments in declaration.* Under Cahill's Ill. St. ch. 98, ¶ 69, even if the indorsement by one of several payees of a promissory note is not sufficient as an indorsement on behalf of the others, averments in a declaration in a suit against the indorsing payee that defendant, being authorized by the payees to transfer the note, transferred it to plaintiff for a valuable consideration, are sufficient to show that plaintiff, as against defendant, had sufficient title to the note to authorize him to maintain the suit in his own name.

5. BILLS AND NOTES—*when person signing note held to be indorser.* Under Cahill's Ill. St. ch. 98, ¶ 83, one who placed his name upon a promissory note, not as maker, drawer or acceptor, must be held to have done so as an indorser, where he did not clearly indicate his intention to be bound in some other capacity.

6. PLEADING—*what necessary in declaration.* All that is now necessary in a declaration is a clear and concise statement, couched in simple language, of sufficient ultimate facts to show a liability on the part of defendant to plaintiff.

Appeal from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed January 4, 1922.

STONE, DICK & STONE, for appellant.

MORRISSEY, SULLIVAN & RUST, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellant commenced suit in assumpsit against appellee and filed in said suit its declaration in which it set up in apt terms the making by one George Weinzierl of his promissory note dated February 27, 1920, for the sum of $1,440 with 7 per cent interest per annum, payable September 1, 1920, to the order of Matthew D. Ryan, Catherine Ryan, Matthew R. Greg-

ory and Mary Deneen. The declaration further alleged that "thereafter, on to-wit: the 16th day of November A. D. 1920, and after the maturity of said note according to its terms as aforesaid, the defendant, Matthew D. Ryan, being then and there in possession of said note, and authorized by the payees thereof to transfer the same as it was in fact transferred, endorsed the same, which endorsement was written upon the back of the said note and is in the words and figures, following: 'Pay Farmers Bank Downs, Ill. or order, Matthew D. Ryan,' and then and there for a valuable consideration, viz.: Fourteen hundred sixty one and 27-100 Dollars ($1461.27) which was then and there paid to the said Matthew D. Ryan by the said Farmers Bank of Downs, did then and there deliver and transfer said note with said endorsement thereon to the said Farmers Bank, plaintiff, as aforesaid, and did then and there by means thereof, promise the plaintiff that the maker of said note, the said George Weinzierl, would pay the said note, together with the accumulated interest thereon in accordance with the terms of said note upon demand being made therefor by the plaintiff, and did further promise that in event the said George Weinzierl did not so pay said note upon demand having been made therefor that he, the defendant, Matthew D. Ryan, upon being duly notified of the default of the said George Weinzierl, would pay the same, and the plaintiff further avers that thereafter, on to-wit: March 1st, A. D. 1921, it made due presentment of said note to the said George Weinzierl and demanded payment thereon, but that the said George Weinzierl did not then and there pay said note upon said demand." The declaration further alleged notice to appellee of such demand, presentment and default in payment and the resultant liability of appellee to pay the note. Appellee demurred to the declaration. The court sustained the demurrer and appellant having elected to stand by its declara-

tion, the court rendered judgment in bar and for costs in favor of appellee against appellant, from which judgment this appeal was taken.

It is claimed by appellant as grounds of demurrer that there being four payees named in the note the indorsement in question failed to pass legal title to the note; that appellant had no such title to the note as would entitle it to bring suit thereon in its own name and that the law will not imply, from such an indorsement, the contract or liability predicated upon it by appellant in its declaration.

Where a negotiable instrument is payable to order, it is negotiated by the indorsement of the holder, completed by delivery. Section 48, ch. 98, Rev. St. Ill. (Cahill's Ill. St. ch. 98, ¶ 50.)

It is undoubtedly the law, as claimed by appellee, that to constitute a valid indorsement when the note is payable to the order of two or more payees who are not partners, all must indorse unless the one indorsing has authority to indorse for the others. Section 59, ch. 98, Rev. St. (Cahill's Ill. St. ch. 98, ¶ 61) *Crahe v. Mercantile Trust & Savings Bank*, 295 Ill. 375. The declaration in this case, however, specifically avers that appellee was authorized by the payees thereof to transfer the note as it was in fact transferred, and this allegation for the present purpose must be taken as true.

Section 67 of the same chapter provides that where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein and the transferee acquires, in addition, the right to enforce the instrument against one who signed for accommodation of the transferor and the right to have the indorsement of the transferor if omitted by accident or mistake.

By reason of these provisions of law, it must be held that, even though the indorsement set out in the

declaration was not sufficient as an indorsement on behalf of the other payees of the note, the averments of the declaration that appellee being authorized by the payees of the note to transfer the same, as it was in fact transferred, transferred the same to appellee for a valuable consideration, are sufficient to show that appellant, as against appellee, had title to the note sufficient to entitle it to maintain suit thereon in its own name. Were this a suit brought by appellant against some party other than appellee, other and different questions might arise.

Section 81 of the chapter above mentioned (Cahill's Ill. St. ch. 98, ¶ 83) provides: "A person placing his signature upon an instrument otherwise than as maker, drawee or acceptor is deemed to be an indorser, unless he clearly indicated by appropriate words his intention to be bound in some other capacity." Appellee placed his signature on the note in question. He did not do so as maker, drawer or acceptor. He must therefore be held to have done so as an indorser, he not having "clearly indicated by appropriate words his intention to be bound in some other capacity."

Many of the technicalities of ancient pleading have been abandoned. All that is now necessary in the statement of a plaintiff's claim in a declaration is a clear and concise statement, couched in simple language, of sufficient ultimate facts to show a liability on the part of the defendant to the plaintiff. *Cain v. Barsaloux*, 299 Ill. 371. We are of the opinion that the declaration in this case sufficiently alleged a liability on the part of appellee to appellant and that the court erred in sustaining a demurrer thereto.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*