## William McCrotty, Appellee, v. Baltimore & Ohio Southwestern Railroad Company, Appellant.

1. RAILROADS—*negligence of motorman in crossing collision not imputable to conductor under "joint enterprise" rule.* Contributory negligence of a street car motorman in a crossing collision with defendant's train is not imputable to the conductor of the street car under the "joint enterprise" rule, and it is error to apply such rule in an instruction in an action by the conductor against the railroad company for damages for injuries received in the collision.

2. NEW TRIAL—*necessity for showing that jurors read false and prejudicial newspaper articles.* The trial court properly refused to grant a new trial for the publication, during the trial, of false and prejudicial newspaper articles in reference to the case at bar, in the absence of any showing that any of the jurors read such articles although the affidavit in support of the motion avers that the jurors were not confined when the court was not in session and that the newspapers in question were accessible to them and that one of the jurors was seen reading one of the papers.

3. TRIAL—*prejudicial misconduct of counsel in examination of witnesses.* In an action by a street car conductor against a railroad company for damages for injuries received in a crossing collision between the street car and one of defendant's trains, it is prejudicial misconduct for the conductor's counsel to introduce in evidence over objection sustained that a woman was killed in the collision and to argue to the jury from such evidence that if the conductor was negligent as claimed by the railroad company he would be a murderer, especially where the case is very close on all material points.

4. TRIAL—*repetition of improper questions as prejudicial misconduct of counsel.* It is prejudicial misconduct for plaintiff's counsel in a personal injury action by a street car conductor against a railroad company, arising out of a crossing collision between a street car and defendant's train, to persist in asking witnesses, after objections to the questions have been sustained, whether the conductor had ever had an accident before the one in question, so as to compel repeated objections by defendant, especially where the defense of contributory negligence is relied on and the case is very close on all material issues of fact.

5. RAILROADS—*duty of care as between street railway and railroad at crossing in street intersection.* In a personal injury action by a street car conductor against a railroad company, arising out of a crossing collision between a street car and a train in a street intersection, it is misleading to instruct the jury that the intersection in question is a public crossing and that the rights of the two railways were equal in operating their trains and cars over such crossing and that each is bound to exercise reasonable care and caution to prevent a collision at the crossing, since both roads could not have a right to use the crossing at the same or any given time.

6. RAILROADS—*instruction assuming negligence of railroad in crossing collision erroneous.* An instruction telling the jury to find defendant railroad guilty of negligence if they believe from a preponderance of the evidence that "plaintiff was in the exercise of reasonable care and caution for his own safety before and at the time of his injury, and that his injury was occasioned by the negligence and careless acts, conduct and omission of the defendant in failing to give any warning of the approach of its train" to the crossing as alleged in the declaration, is erroneous for assuming the negligence of the railroad company.

SHURTLEFF, J., dissenting.

Appeal by defendant from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed January 17, 1923.

GRAHAM & GRAHAM, for appellant; MORRISON R. WAITE, of counsel.

JOHN G. FRIEDMEYER, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This case was before us at a former term and a judgment in favor of appellee was reversed for error on rulings upon the admission of evidence and the refusal of instructions. The nature of the case and the statement of the pleadings are fully set forth in our former opinion, 223 Ill. App. 390.

It is contended by appellant that the court erred in refusing to instruct the jury to find appellant not guilty and likewise that the verdict of the jury was manifestly against the weight of the evidence. The evidence in the present case is substantially the same as that found in the former record and in our former opinion on this subject we said: "It is argued earnestly and at great length that appellant was guilty of no negligence and that appellee was guilty of contributory negligence. We have considered the evidence carefully and find there is evidence tending to show negligence on the part of appellant and tending to show due care on the part of appellee, and we cannot say that the verdict of the jury is manifestly against the weight of the evidence." What was then said is equally true of the present record.

It is contended by appellant that appellee and the motorman were operating the street car as a joint enterprise and that if the motorman was guilty of negligence which contributed to bring about the accident that such negligence would be a bar to a recovery by appellee. In attempting to set up such negligence as a defense, appellant presented and the court refused a number of instructions, among them the following: "If you believe from the evidence that plaintiff and his motorman, Simpson, were operating the street car together, as a joint enterprise, in which they had joint control of the movements of the car, then the burden is upon plaintiff to prove that no negligent act or omission on the part of either, or both of them, in operating the car helped in any way to bring about the collision."

There is a general rule to the effect that if several persons are engaged in a common enterprise, and one is injured by the joint negligence of an associate and another, the negligence of his associate will be imputed to him, and will defeat all right of recovery against such other, but this rule has no application in a case like the present. In *Ford v. Hine Bros. Co.*, 237 Ill. 463, in an action by a street railway conductor for damages for injuries received by being struck by a pole of a wagon, in holding that the plaintiff was not barred from a recovery by the negligence of the motorman of his car, the court said: "If, however, it be assumed that the motorman was guilty of negligence in attempting to turn the car into Clark street, which contributed to appellee's injury, we do not think the appellee was thereby defeated of the right of recovery against the appellant on account of the negligence of the driver."

In *Pullman Palace Car Co. v. Laack*, 143 Ill. 242, it was said: "It is well settled that when the injury is the result of the negligence of the defendant and that of a third person, or of the defendant, and an inevitable accident or an inanimate thing has contributed with the negligence of the defendant to cause the injury, the plaintiff may recover if the negligence of the defendant was an efficient cause of the injury. (2 Thompson on Negligence, p. 1085, sec. 3; Bishop on Non-Contract Law, secs. 39, 450, 452; Shearman & Redfield on Negligence, sec. 31 *et seq; Village of Carterville v. Cook,* 129 Ill. 152; *Consolidated Ice Mach. Co. v. Keifer,* 134 Ill. 481, and cases cited.) In such case the negligence of the two independent persons resulting in injury to the third, where neither is sufficient within itself, both are to be treated in combination as the proximate cause of the injury. It is clear that the negligence of the fellow-servant in and of itself could not have produced the injurious result suffered by appellee. The negligence of appellant and

McCrotty v. Baltimore & O. S. W. R. Co., 229 Ill. App. 117.

the fellow-servant were therefore concurrent causes and combined were the proximate cause of the injury.'' The court did not err in refusing the request of appellant to give the instructions embodying this theory of appellant.

The trial of this case commenced Friday June 30, 1921, and was concluded on Monday evening July 3. Upon the motion for a new trial, one of the attorneys for appellant filed his affidavit in which he set out that in the issue of June 30, July 1 and 2 of the Springfield papers there was a series of articles published with reference to the case, each of which contained statements with reference to the case which were untrue and highly prejudicial to appellant; that the jurors were not confined when court was not in session; that many of the jurors were from Springfield; that at such times said newspapers were accessible to the jury and that one of the jurors was seen reading one of these papers during the progress of the trial. The newspaper articles in question were attached to the affidavit and each of them contained statements with reference to the former history of the case which were untrue and of such a nature that they would almost necessarily have an effect upon the mind of a person reading them prejudicial to appellant.

It is earnestly insisted by appellant that the court erred in not granting a new trial on account of said publications. The right of every litigant in an action of law, to a trial by jury guaranteed by the constitution of the United States and the State of Illinois, is a right to a fair and impartial trial before an unprejudiced jury, and publication in a newspaper of untrue statements with reference to a case on trial or pending is an interference with that constitutional right and has been severely punished as a contempt of court. Had the affidavits in the case shown that even one of these articles had been read by one of the jurors, a reversal of the case would follow as a matter of course.

The court gave the jury the following instruction: "The jury will pay no attention whatever to anything you may have seen or read in the newspapers. They are palpably and violently wrong, and the jury should not be influenced in this case by anything except what you hear here in court, from the witness stand and the instructions of the court." While we might surmise or guess that such was the fact we cannot, in the absence of evidence, assume or presume any irregularity in regard to the trial.

Appellant asked for a reversal on the ground of misconduct of counsel. In our former opinion we said: "The case was a very close one," and this is true likewise of the present case. In fact as to each material fact necessary to be proven to show negligence on the part of the appellant, the number of disinterested witnesses testifying in favor of appellant, is greater than the number testifying to the contrary. When a case is as close upon the facts as this one is, it is highly important that nothing prejudicial to either party should occur and that the jury should be accurately instructed as to the law. One woman was killed in the collision. Counsel attempted to show this to the jury by witness Simpson, but the court sustained an objection to the question. In spite of this ruling by the court, appellee introduced a sister of the deceased woman and asked her if her sister had been killed in the collision. With this evidence in the record, counsel for appellee argued to the jury that if appellee was as negligent as claimed he would be a murderer. Counsel for appellee asked appellee, and one Davis, appellee's superior, in spite of objections by appellant and in spite of objections being sustained by the court, if appellee had ever had any accident before this one at the railroad crossing. Appellant's objections were sustained, but the mere asking of the questions and compelling appellant to object thereto necessarily left in the jury's mind a prejudicial impression.

Counsel for appellee after a statement of one of his witnesses in cross-examination said: "That is so."

The court gave to the jury an instruction as follows: "The court instructs the jury that the intersection of Madison Street with Ninth Street was a public crossing, and a crossing of the defendant's railroad tracks, and the tracks of the Springfield Consolidated Railway Company, and neither railroad had any greater rights in said crossing in operating its said trains and cars over the other, and each were bound to exercise reasonable care and caution in approaching said crossing, to prevent a collision between the train of the defendant and said street car of the Springfield Consolidated Railway Company, which was being operated by the plaintiff, and in his charge as conductor." The giving of this instruction is assigned as error. While it is true that it was the right of each of the parties to lay their tracks at this particular point and each had a right to operate trains at this particular point and the duty imposed upon each is to exercise reasonable care and caution in approaching the crossing to avoid collision, it cannot be said as a matter of law that both have an equal right to operate their cars over the crossing at the same time or at any given time. While neither one is a trespasser in using the track, they do not both have a right to use the same space at the same time. *Newell v. Cleveland, C., C. & St. L. Ry. Co.*, 261 Ill. 511; *Lamarre v. Cleveland, C., C. & St. L. Ry. Co.*, 217 Ill. App. 296. We think this instruction misleading under the facts of this case.

The court also gave to the jury at the request of appellee an instruction as follows: "The court instructs the jury that if you believe from a preponderance of the evidence, that the plaintiff was in the exercise of reasonable care and caution for his own safety before and at the time of his injury, and that his injury was occasioned by the negligence and careless acts, conduct and omission of the defendant in failing

to give any warning of the approach of its said train to said crossing as alleged in some count of the declaration, then you should find the defendant guilty.''

This instruction assumed that appellant was guilty of negligence and careless acts, conduct and omission in failing to give any warning of the approach of the train to the crossing and only submitted to the jury the question as to whether appellee's injury was occasioned thereby. The giving of this instruction was erroneous.

In our former opinion we said: ''It is claimed that the court erred in refusing appellant's instruction that a failure to have any headlight, even if proved, could not be considered as negligence in this case. The declaration did not allege a failure to have a headlight and appellant had a right to have the jury so instructed.''

On the present trial, appellant requested the court to give substantially the same instruction on this subject as on the former trial and the trial judge, notwithstanding what we said in our former opinion, so modified the instruction as to make it of practically no benefit to appellant.

The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE SHURTLEFF, dissenting.