**Emma Powell, Administratrix of the Estate of Thomas Powell, Deceased, Plaintiff in Error, v. C. H. Kempton, Defendant in Error.**

**Gen. No. 7,609.**

1. DRUGS AND DRUGGISTS—*pleading negligence of druggist.* A declaration for damages for the death of plaintiff's intestate through the alleged negligence of defendant states a cause of action for common-law negligence where it alleges in substance the representative capacity of plaintiff, that defendant, on a certain date, was engaged in the retail drug business on which date decedent applied for and was sold a headache remedy which defendant directed him to take with water which he was directed to get from a faucet in a certain corner of the store, that there were other faucets in the corner, which was dark, and that decedent, by mistake, drew and drank formaldehyde instead of water, the formaldehyde being kept in an unmarked keg, and that death resulted.

2. DRUGS AND DRUGGISTS—*when violation of statute not wilful negligence.* A declaration for damages for the death of plaintiff's decedent from drinking formaldehyde drawn by him from an unmarked keg in defendant's drug store, does not state a cause of action for wilful and wanton negligence where it is alleged in substance that the formaldehyde was drawn by him by mistake in place of water which defendant had directed him to take with a headache remedy purchased from defendant, and the alleged wilful and wanton negligence is predicated on allegations of violation of statutory provisions as to the marking of the keg in which the drug was contained.

3. DRUGS AND DRUGGISTS—*sufficiency of allegations of negligence in offering wood alcohol for sale in unmarked package.* A declaration for damages for the death of plaintiff's intestate from drinking formaldehyde, taken by mistake instead of water, sufficiently al-

leges negligence by defendant druggist in keeping the formaldehyde, a preparation containing wood alcohol, for sale in an unmarked package in violation of Crim. Code, sec. 63a, Cahill's Ill. St. ch. 38, ¶ 171, providing that methyl alcohol or any preparation containing it shall, when offered for sale, be conspicuously marked as therein provided, by allegations stating a cause of action for common-law negligence in permitting decedent to drink the drug instead of water with a headache remedy sold him by defendant, together with allegations that the formaldehyde was kept in defendant's retail drug store in a keg which bore no marks, warning notice or poison symbols, although there is no allegation of an offer of sale to decedent, or that it was intended to be sold in the original package.

4. DRUGS AND DRUGGISTS—*when wood alcohol offered for sale under Crim. Code.* A preparation containing wood alcohol is offered for sale by a retail druggist in violation of the provisions of Crim. Code, sec. 63a, Cahill's Ill. St. ch. 38, ¶ 171, requiring it to be conspicuously marked as therein provided, where it is kept in an unmarked keg in defendant's retail drug store for sale to the general public without any overt offer of sale, since the statute applies to all cases when that drug is offered for sale and not merely when it is sold as medicine in the ordinary course of retail business.

Error by plaintiff to the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed July 10, 1923.

HILL & BULLINGTON and LANE, DRYER & BROWN, for plaintiff in error.

LESTER K. VANDEVER, HARRY C. MILLER and J. E. MAJOR, for defendant in error.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

Plaintiff in error brought suit under the statute against defendant in error for damages resulting from the death of her husband, Thomas Powell, alleged to have been caused by the negligence of defendant in error. Plaintiff in error filed her declaration therein and demurrer having been interposed thereto, was sustained to all counts of the declaration. Plaintiff in error elected to stand by her declaration and judg-

ment in bar having been rendered she prosecutes this writ of error to review the action of the trial court. We will, for convenience hereafter, refer to plaintiff in error as plaintiff, to her husband as the deceased, and to defendant in error as the defendant.

In *Farmers Bank of Downs v. Ryan,* 223 Ill. App. 491, this court said: "Many of the technicalities of ancient pleading have been abandoned. All that is now necessary in the statement of a plaintiff's claim in a declaration is a clear and concise statement, couched in simple language, of sufficient ultimate facts to show a liability on the part of the defendant to the plaintiff."

In *Miller v. S. S. Kresge Co.,* 306 Ill. 104, it was said: "The main purpose of a pleading in courts of law is accomplished when by reasonably intelligible allegations the opposing party is advised of the case to be made against him."

There were five counts in plaintiff's declaration, the first and fifth of which were attempted to be based on common-law negligence. In *Hartnett v. Boston Store of Chicago,* 265 Ill. 331, it is said: "There are three essential elements in actionable negligence: First, a duty imposed by law to exercise care in favor of the person for whose benefit the duty is imposed; second, the failure to perform that duty; and third, a consequent injury so connected with the failure to perform the duty that its failure is the proximate cause of the injury."

All the counts of the declaration properly averred the representative capacity of the plaintiff. The only questions for us to consider are whether or not within the four corners of some one or more counts of this declaration there is contained a statement of ultimate facts sufficient to show these three essential elements of liability.

The first count of the declaration among many other things alleged that on the 18th of March, 1922, in the City of Nokomis in said county and State, defendant

was conducting a retail drug store and pharmacist business and in conducting said business had in his possession a stock of goods and medicines; that on said date deceased applied to defendant at his said store and place of business for the purchase of a medicine or drug to be used in and about curing himself of a violent and temporary attack of headache. From this statement of facts the law will imply a duty on the part of defendant to exercise ordinary care to avoid accidents and injury to deceased, so long as he remained in said store on such business.

This count of the declaration further alleges that defendant by and through his servant sold and delivered to deceased a certain drug or medicine for the purpose of healing and curing him of said ailment; that said servant then directed deceased to take a prescribed dose of said medicine or drug with a glass of water and directed him to get the water from a faucet in the corner of a certain room in defendant's place of business and avers that in the corner of the room, aforesaid, there were other faucets, one of which was a faucet to a keg containing formaldehyde; that the said formaldehyde resembled water and was a poisonous and dangerous substance when taken internally; that the keg on said date contained formaldehyde and had placed thereon no words, letters, figures or characters indicating that the said keg contained any poisonous substance; that at the time of the purchase of the drug or medicine, as aforesaid, the room, and especially the corner of the room where the said water faucet and keg of formaldehyde with a faucet were located, was very dark, all of which was known to defendant; that the defendant negligently and carelessly permitted and allowed deceased to draw a glass of formaldehyde from the keg aforesaid through the faucet aforesaid, and to drink the same, thinking the same to be harmless and to be water, while plaintiff in error's intestate was exercising due care for his own safety.

In *Miller v. S. S. Kresge Co., supra,* it was said: "No special form of words is required to state the negligence on which the right of action is based. It is not necessary to explicitly say of the defendant that he was guilty of negligence. It is sufficient if the facts stated are such as to raise a duty and show a failure to perform that duty and a resulting injury from which the law will attach to such failure of duty the charge of negligence."

This statement of facts in this count sufficiently alleges a breach of the duty on the part of defendant to exercise ordinary care for the safety of deceased while on said premises upon such business.

This count also alleges the death of deceased as the result of his drinking said formaldehyde and is therefore a sufficient statement of the third necessary element of actionable negligence.

This count, stripped of its circumlocution, surplusage and unnecessary averments, contained a sufficient statement of ultimate facts to show a liability on the part of the defendant to the plaintiff and therefore the demurrer to this count should have been overruled.

From what we have said with reference to the first count, it will be evident from a reading of the fifth count that it also stated a good cause of action and that the demurrer thereto should have been overruled.

The third and fourth counts attempt to allege wilful and wanton negligence and are based upon an alleged violation of a statutory provision. While such violation of a statutory provision under some circumstances may constitute such negligence (*Jeneary v. Chicago & I. Traction Co.,* 306 Ill. 392), the mere violation of such provision does not constitute such negligence *per se. Illinois Cent. R. Co. v. Hetherington,* 83 Ill. 510; *Blanchard v. Lake Shore & M. S. Ry. Co.,* 126 Ill. 416.

We are of the opinion that the facts stated in counts three and four do not show a cause of action and the demurrer was properly sustained to these counts.

*Pearl v. Jackson,* 227 Ill. App. 619; *Burns v. Chicago & A. R. Co.,* 229 Ill. App. 170.

The second count of the declaration, in addition to matters above set forth as being contained in the first count, averred that the formaldehyde contained in said keg was a mixture of methyl alcohol or wood alcohol and that the defendant negligently and carelessly offered for sale formaldehyde from the keg without causing to be placed thereon a conspicuous label that the said keg contained formaldehyde or wood alcohol or a preparation of wood alcohol, and without containing on a conspicuous label the word "Poison," and without containing thereon the skull and crossbones printed in red ink in type at least one-quarter of an inch in height and avers that by reason of the carelessness and negligence of defendant in failing to label said keg, the defendant permitted deceased to take and drink a quantity of formaldehyde from said keg, at all of which times deceased was in the exercise of ordinary care for his own safety, and that as a result of drinking said formaldehyde deceased was poisoned and died.

The negligence alleged in this count consists in a violation of section 63a of the Criminal Code [Cahill's Ill. St. ch. 38, ¶ 171] which provides that: "Methyl alcohol by any name, or any preparation or mixture containing methyl alcohol, shall, when offered for sale, sold, delivered or used, be conspicuously labeled 'Wood Alcohol,' or: 'this preparation contains wood alcohol,' and the word 'Poison' together with a skull and crossbones. The word 'Poison' and the skull and crossbones shall be printed in red ink and shall be at least one-quarter (¼) of an inch in height."

Section 62 of an act entitled "An Act to revise the law in relation to criminal jurisprudence" was passed in 1874 in lieu of "An Act requiring druggists and all persons dealing in medicines to label all medicines by them sold." Ill. Laws of 1853, p. 215 [Cahill's Ill. St. ch. 38, ¶ 169].

In 1917 an amendment was made by adding section 63a [Cahill's Ill. St. ch. 38, ¶ 171], which is the section above quoted, and on which the second, third and fourth counts of the declaration are based, and it is contended by defendant that by applying the familiar rule that previous legislation may be considered in arriving at legislative intent, it becomes important to refer to the title of the act of 1853. That act was entitled "An Act requiring druggists and all persons dealing in medicines to label all medicines by them sold." Defendant's contention is that by applying this rule we must find that the intent of the legislature in adding section 63a was to have it apply only to medicines when sold in the ordinary course of retail business. A reading of this section discloses the fact that by its terms it is made to apply to all cases when methyl alcohol is offered for sale.

There is no allegation in the count that defendant offered the formaldehyde for sale to deceased or that it was intended to be sold in the keg in which it was alleged to be and that it was the intention of the legislature that the label should be placed only on the container in which the formaldehyde or other article containing methyl alcohol is actually sold, delivered, offered for sale or used. It was immaterial whether defendant offered to sell the formaldehyde to deceased. If defendant, in his place of business, offered to sell it to any person in violation of law, while deceased was in such place of business under the circumstances set forth in this count, and as a proximate result of such violation deceased was poisoned and died, defendant would be guilty of actionable negligence.

The vital point in question therefore is whether or not the facts set up in this count of the declaration constitute an offering for sale within the meaning of the law. This term as found in the statute has never been construed by a court of last resort in this State.

In *People v. Lewis,* 122 N. Y. Supp. 1025, it is said:

"A merchant has 'offered for sale' an adulterated or misbranded article of food, in violation of Agricultural Law, secs. 164, 165, added to Laws 1893, c. 338, by Laws 1903, c. 524, by having the adulterated or misbranded article in stock for the purpose of sale, without actually making a sale."

In *United States v. Dodge,* 1 Deady 188, it was said: "The license must be first obtained, and then, and not before, the party is at liberty to sell, or offer for sale, liquor in less quantities than three gallons. The liquor may be offered for sale without a special or personal solicitation of any particular person to become a purchaser. It may be done by general advertisements in the press, or by exhibition of signs or symbols in the vicinity of the place of the alleged business, or by having the article on sale, with intent to dispose of it to any offering to purchase."

In *State v. Dunbar,* 13 Ore. 591, 11 Pac. 298, in construing a statute which makes it a penal offense to offer for sale oleomargarine unless the same is plainly marked so as to establish its true characteristics, it was said: "Now we all know that when a man engages in the business of merchandising, places his goods upon shelves and counters and in show windows, and throws open the door of his store to the public, it is ordinarily and usually understood that the goods thus exposed are offered for sale, and considered an invitation by the merchant to all who are willing to enter to purchase  *  *  *. When goods or merchandise are exhibited from the show windows or shelves of a store, we have a right to presume, sanctioned by common usage and understanding, that he who puts them there offers them for sale, and if the fact is otherwise, let him show it. Goods, therefore, may be offered for sale without any overt act of solicitation."

In *Wolf v. Lodge,* 159 Iowa 162, 140 N. W. 429, it was held that the words "offer to sell" meant no more than to put on the market and did not imply an offer to sell at a fixed price.

This term "offer for sale" has been at other times construed in pure-food statutes and statutes requiring labeling of poisons when offered for sale, and without exception it has been held that when a merchant places in his place of business an article of merchandise of kind and character consonant with his business, by so doing he offers the same for sale without making any specific offer of sale to any specific person.

Taking into consideration the object of the statute in question, which was to prevent injury by mistaking a poisonous substance for a harmless one, and that such mistakes are liable to be made by drug clerks when in a hurry, we are of the opinion that, under the statute in question, defendant, when he placed the keg of formaldehyde in his drug store for the purpose of sale, thereby offered the formaldehyde for sale to the general public, including deceased, and that it was the duty of defendant to label the container in accordance with the requirements of the statute.

We are of the opinion that the second count stated a cause of action and that the demurrers thereto should have been overruled. The judgment of the circuit court is therefore reversed and the cause remanded.

*Reversed and remanded.*