542

John Savka, Plaintiff-Appellant, v. Richard Smith, Defendant-Appellee.

(No. 72-207;

Third District—October 4, 1973.

James P. Kellstedt, of Peoria, for appellant.

Elliott B. Young, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellant, John Savka, brought this action in the Circuit Court of Peoria County to recover damages occasioned by the alleged negligence of Defendant-Appellee, Richard Smith. According to the complaint, defendant, owner of a dwelling house, rented part of the basement to Jim Hutchinson as an apartment. The entranceway to this apartment consisted of a stairway with five steps leading from ground level to the door of the basement apartment. Above the stairway was a low beam which supported the front porch. Plaintiff, an employee of Chicken Delight, Inc., was delivering an order placed by Hutchinson

with Chicken Delight, and while ascending the stairs, plaintiff struck his head on the low ceiling over the stairway causing plaintiff to suffer severe and permanent injuries.

Plaintiff amended his complaint by interlineation adding a phrase stating defendant retained control of the entranceway. The court than granted defendant's motion to dismiss the complaint which was grounded on plaintiff's failure to comply with the Civil Practice Act, failure to state a cause of action and improperly alleging conclusions in the complaint. Pursuant to court order, plaintiff filed a proposed amended complaint and defendant in response thereto filed written objections which was then entered by the court denying plaintiff's motion to amend the complaint. Plaintiff moved to vacate the order and for leave to file an amended complaint, however, defendant failed to appear at the hearing and the court refused to hear the motion.

On appeal from the judgment, plaintiff asserts the trial court committed error by its dismissal of the complaint amended by interlineation because the essential elements of a cause of action were stated. The complaint alleged plaintiff was on the premises to deliver a food order at the invitation of the lessee and was free from contributory negligence, and defendant, the landlord-owner of the premises, retained control of the entranceway, knew or should have known of the dangerous condition created by the low ceiling at the time he rented the apartment to Hutchinson and was negligent in failing to correct the condition. As a result of such negligence, plaintiff was injured.

In his brief plaintiff refers to section 33 (3) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 33 (3)), which provides "Pleadings are to be liberally construed * * *" and section 42 (2) (Ill. Rev. Stat. 1969, ch. 110, par. 42 (2)), which provides "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet."

On the other hand, defendant points out the rule in section 31 (Ill. Rev. Stat. 1969, ch. 110, par. 31) that substantial averments of fact are necessary to state a cause of action. It is defendant's contention there are no ultimate facts alleged creating a duty in the defendant nor do facts show the injuries were proximately caused by defendant's act or omission. In particular he states plaintiff's allegation regarding defendant's control of the entranceway is a mere conclusion whereas there should have been ultimate facts alleged to establish such control.

In 2 Nichols, Illinois Civil Practice, Sec. 777, the author discusses conclusions of law in pleadings. Therein it is stated; "There is no clear distinction between statements of 'evidentiary facts', 'ultimate facts' and

'conclusions of law'," and "* * * a precise definition as to what constitutes conclusions of law is impossible". The author further suggests, "* * * it might well be advisable, under section 42 of the Civil Practice Act, for the court to merely determine, when the question arises, whether, in the particular case, the pleading reasonably informs the opposite party of the nature of the claim or defense."

Cases dealing with the question of whether a good cause of action is stated are abundant; however, the bases for these decisions create confusion by the obviously irreconcilable results. It was stated in *Parrino v. Landon*, 8 Ill.2d 468, 134 N.E.2d 311, that as a result of this confusion there is greater liberality in legislation governing procedure and practice and also that there is a recent trend of the courts to make form inferior to substance.

■■ After careful consideration of all the above principles and of the pleading in question, we are of the opinion that although the complaint was not perfect in form, it was sufficiently informative of the issues and cause of action relied upon so as to enable the defendant to meet plaintiff's claim. In fact from defendant's brief, it is apparent defendant understood the nature of plaintiff's claim by his statement of the theories upon which plaintiff proceeds. It is obvious from the allegations of the complaint that plaintiff claims defendant's duty to keep the stairway in a reasonably safe condition existed by virtue of the fact he rented only a portion of the premises to Hutchinson and retained control of the entranceway (*Murphy v. Illinois State Trust Co.*, 375 Ill. 310, 31 N.E.2d 305), and additionally, defendant knew or should have known of the dangerous condition at the time he entered the lease agreement (*Wagner v. Kepler*, 411 Ill. 368, 104 N.E.2d 231). Also, contrary to defendant's contention, the element of proximate cause is sufficiently alleged in the complaint to create a possibility of recovery based on a negligence theory. The court is to consider the factual allegations to determine whether there is any possibility of recovery. (*Johnson v. North American Life and Casualty Co.*, 100 Ill.App.2d 212, 241 N.E.2d 332.) Defendant will be able through discovery techniques to secure sufficient additional details, if needed, to adequately prepare his defense. See *Tate v. Jackson*, 22 Ill.App.2d 471, 161 N.E.2d 156.

Accordingly, the judgment of the Circuit Court of Peoria County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DIXON and SCOTT, JJ., concur.