JOHN SAVKA, Plaintiff-Appellant, *v.* RICHARD SMITH, Defendant-Appellee.

Third District   No. 76-357

Opinion filed March 13, 1978.

James P. Kellstedt, of Peoria Heights, and Jeffrey J. Estes, of Peoria, for appellant.

Elliott B. Young and Lawrence W. Propp, both of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County entered after a jury verdict and a directed verdict in favor of defendant Smith and against plaintiff Savka.

On April 18, 1968, John Savka, in the course of his employment by "Chicken Delight," made a delivery of food to James Hutchison, a tenant in the apartment house owned by defendant, Richard Smith. The apartment was in the basement of a frame house which had been converted into an apartment house. Entry to the apartment was by means of a stairway consisting of five steps leading down to a small entry area. The outside door to Hutchison's apartment was at the end of this small area under the building. The furnace room was also in the basement, but it was not accessible from this stairway and entry area.

After Savka completed the delivery and as he went up the stairs outside the apartment, he struck his head on a low fascia board or wooden beam over the stairway. Subsequent measurement of the area indicated the lower edge of the overhanging beam was 67 inches or 5 feet 7 inches above the step immediately below it.

Savka brought suit for his personal injuries. The original complaint was dismissed on motion of Smith and an appeal followed. This court reversed the decision of the trial court, held the complaint to be sufficient, and remanded the cause for trial. *Savka v. Smith* (1973), 14 Ill. App. 3d 542, 301 N.E.2d 839.

The cause was tried before a jury on an amended complaint. At the close of plaintiff's evidence, the trial court directed a verdict in favor of Smith as to count II (negligence based on common or public way) of the amended complaint and the matter went to the jury on counts I (dangerous and defective condition) and III (also dangerous and defective condition). A verdict was returned by the jury in favor of Smith and against Savka as to counts I and III and judgment was entered on the verdict.

Savka's post-trial motion to vacate the judgment was denied.

This appeal is from that judgment. There were five issues presented by Savka:

(1) The court erred in dismissing count II of the amended complaint in light of evidence that the portion of the premises on which plaintiff was injured was part of the common areas or a public way which the owner was responsible for maintaining in a reasonably safe condition.

(2) The court erred in admitting the testimony of the defendant as to the terms of an alleged oral lease with regard to control of the area where plaintiff was injured.

(3) The court committed reversible error in excluding evidence of subsequent repairs to the premises offered by plaintiff to show that defendant retained control of the portion of the premises causing plaintiff's injury.

(4) The court erred in refusing to permit plaintiff to introduce into evidence the ordinance of the City of Peoria requiring owners and occupants to provide unobstructed exit ways from apartments and dwelling units.

(5) The court's refusal to admit mortality tables in evidence or to instruct the jury on the issue of future damages was error where evidence of recurrent medical treatment and pain and disability was presented without contradiction.

We have carefully studied the record on appeal and the briefs of counsel. We do not believe that a lengthy discussion or analysis is required.

■■ There are three elements required in actionable negligence: (1) a duty to exercise care in favor of the plaintiff, (2) the failure to perform that duty, and (3) an injury proximately caused by that failure. (*Powell v. Kempton* (1923), 231 Ill. App. 380.) We believe that the plaintiff did allege these elements in his complaint which was the subject of the appeal referred to above. (*Savka v. Smith* (1973), 14 Ill. App. 3d 542, 301 N.E.2d 839.) A careful reading of that opinion will disclose that we did not indicate that recovery should be had; we only found that a cause of action had been stated. We plainly stated that recovery depended upon the evidence presented at trial. "The court is to consider the factual allegations to determine whether there is any possibility of recovery." *Savka v. Smith* (1973), 14 Ill. App. 3d 542, 544, 301 N.E.2d 839, 841.

It must be understood that even though a cause of action is sufficiently stated in a complaint, before recovery can be had, sufficient evidence must be introduced to support the allegations of the complaint. If sufficient evidence is not introduced, a motion for directed verdict is proper and should be granted.

A directed verdict is proper only where all of the evidence viewed in its aspect most favorable to the party against whom the verdict is sought so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

Savka filed a complaint with three counts. The second count alleged that Smith, "* * * arranged for part of the basement of said house to be used and rented for an apartment, and also had arranged for an entrance-

exit stairway leading to the basement of said dwelling house part of which was used for and rented as an apartment, * * *" and further that Smith "* * * retained control over said stairway and maintained said stairway for the use of himself and said tenant, his invitees and all persons lawfully going into and out of said basement apartment." A verdict was directed for Smith and against Savka as to this count at the close of Savka's case.

Savka argues that the stairway was part of the common or public way. It is presumed that the landlord retains control of those areas which are common to all the tenants and available for the use of all tenants. (*Meiners v. Moyer* (1970), 119 Ill. App. 2d 94, 235 N.E.2d 201.) Here testimony showed that only Hutchison's apartment was accessible from the stairway. Although the furnace room was also located in the basement of the house, it was not accessible from this stairway. Thus it appears that the stairway and passage were solely for the use of the tenant, Hutchison.

Savka argues further that the stairway and passage were common or public ways by reason of their connection to the public sidewalk. He argues that the stairway led to a paved area outside which extended to the driveway of the adjacent property and was also connected to a sidewalk leading from the street or sidewalk parallel to the street to the front of the building and to the front entrance and around the building to the paved area immediately adjacent to the stairway. We believe that this connection is too tenuous to justify a presumption of the landlord's control of the stairway. Therefore, we find that the passage and stairway were not part of the common or public way.

Savka attempted to show that Smith retained control of the stairway and passage by eliciting testimony regarding alterations to the fascia board or wooden beam which were made subsequent to the injuries to Savka. This testimony was excluded by the trial court which found that the alterations were too remote in time from the date of the injuries to be admissible. The record discloses that the alterations were made four years after the injury. The tenant, Hutchison, had moved. We agree that these alterations, made four years later, were too remote in time from the injury to show that there was control of the premises by Smith at the time of the injury.

We do not find sufficient evidence in the record to determine that Smith had control of the premises. Therefore, we need not discuss whether the testimony regarding the oral lease between Smith and Hutchison should have been excluded. However, we do want it understood that since this testimony was given during an offer of proof outside the presence of the jury, it could not have affected the jury verdict.

Since we believe that the evidence other than that regarding the

oral lease even when viewed most favorably on behalf of Savka showed no control of the premises by Smith, such testimony would not affect the directed verdict.

Savka also argues that Smith's failure to light the stairway, failure to maintain the stairway in a reasonably safe condition, providing a low ceiling, failure to post a warning of the low ceiling and failure to inspect the stairway to insure that it was reasonably safe for use were negligence.

■■ Smith argues that Savka was a licensee of Hutchison and that the landlord owes to licensee of his tenant no duty in regard to defects on the premises which exist at the beginning of the lease period unless the landlord conceals or fails to disclose the existence of the defect. (*Soibel v. Oconto Co.* (1939), 299 Ill. App. 518, 20 N.E.2d 309.) We agree; the defect here is not one which could have been concealed.

Savka attempted to introduce into evidence an ordinance of the City of Peoria which requires owners and occupants to provide unobstructed exit ways from apartments and dwelling units. The trial court refused to admit the ordinance into evidence ruling that the ordinance had not been pleaded in the complaint.

In Illinois violation of an ordinance is not presumptive of negligence. It is evidence of negligence and should be considered with all other evidence.

■■ Ordinarily it is improper to plead evidence in the complaint. However, when recovery is sought for injuries caused by another's violation of a statute or ordinance, that statute or ordinance must be pleaded even though it also is evidence. *McCrotty v. Baltimore & Ohio Southwestern R.R. Co.* (1921), 223 Ill. App. 390.

■■ We agree with Smith and with the trial court that introduction of the ordinance would alter the cause of action. There was no allegation of failure to provide safe egress and therefore recovery cannot be based on that failure.

Savka argues that there was evidence of recurrent need for medical treatment, pain, and disability. Dr. Lawless, the treating physician, could not state that Savka's condition was permanent. The trial court refused to admit the United States mortality tables into evidence or to instruct the jury on the issue of future damages.

Admission of mortality tables is an aid to the trier of fact in determining the amount of future damages. Future damages are granted when there are permanent injuries. If there are no permanent injuries, there is no error in refusing to admit the tables into evidence. *Howard v. Gulf, Mobile & Ohio Ry. Co.* (1957), 13 Ill. App. 2d 482, 142 N.E.2d 825; *Danzico v. Kelly* (1969), 112 Ill. App. 2d 14, 250 N.E.2d 801.

■■ There is a distinction between injuries which are permanent and

18

pain and suffering which is recurrent, but not permanent. Both entitle the sufferer to damages. However, the life expectancy of the sufferer is a factor only when the injuries are permanent and therefore the mortality tables are admissible only when the injuries are permanent.

For the reasons stated above, the judgment of the circuit court of Peoria County is hereby affirmed.

Affirmed.

BARRY, P. J., and STENGEL, J., concur.