### Northern Trust Company, Administrator, Appellee, v. Lewis W. Parker, Appellant.

#### Gen. No. 22,366.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FRED-ERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 1, 1917.

### Statement of the Case.

Bill by Northern Trust Company, as administrator to collect of the estate of William Henry McDoel, complainant, against Lewis W. Parker, defendant, and cross-bill by Margaret Garvin and Jennie Kelly. From a judgment for complainant, defendant appeals.

GEORGE C. KING, for appellant.

HENRY M. HAGAN, for appellee McDoel's Estate.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 503*—*when evidence is insufficient to show want of consideration for notes.* In a suit to foreclose a trust deed, which was continued by the administrator of the deceased holder of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Northern Trust Co. v. Parker, 205 Ill. App. 450.

notes after the latter's death, *held* on the conflicting evidence of defendant and deceased, who was an aged man, that defendant had not established the defense of want of consideration and that the stock for which the notes were given had been promised by deceased to defendant in consideration of his subscribing for other stock of a corporation.

2. EVIDENCE, § 475*—*what does not constitute a preponderance of evidence.* A party holding the affirmative of a proposition is required to maintain it by a preponderance of the evidence, which can never be the case when one of two parties, both equally credible, makes an assertion which is denied by the other.

3. COSTS, § 20*—*when taxation against defendant is improper on cross-bill by other parties.* Where, on a bill to foreclose a trust deed, it appeared that four of the notes secured had been paid, that the deed provided that upon payment of any one of the notes the trustee might release a lot, that accordingly four lots were released, two of which the defendant sold, and such release was pleaded in the answer, and a cross-bill was filed by the owners of such lots, upon which an issue was formed and decided against the complainant, and that defendant in the original bill was taxed with the entire master's fee, which included the testimony on the issues formed on the cross-bill, *held* that the taxation of the costs on the cross-bill was improper.

4. COSTS, § 20*—*when defendant not liable for on cross-bill.* Where a trust deed provides for solicitor's fees incurred in any suit or proceeding in connection with the foreclosure to which the holder of the notes might be a party, the unsuccessful defendant is not liable for solicitor's fees for defending a cross-bill by other persons to which defendant is not a party.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.