**Doris Thorson, Plaintiff-Appellant, v. Joseph L. Aronson, Defendant-Appellee.**

Gen. No. 69–171.

Second District.

April 20, 1970.

Covey, McKenney & Powers, of Crystal Lake, for appellant.

Joslyn and Green, of Woodstock, for appellee.

JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This is an appeal from a judgment non obstante veredicto and an order denying a new trial.

The plaintiff and her husband were tenants of the defendant. The leased premise was a one-family dwelling which was erected in 1951. A condition of the lease was that the plaintiff and her husband were to generally maintain the premises.

A cement stoop with four steps up to a landing was constructed at the front entrance. The landing was protected by two guardrails; however, there were no handrails on either side of the stairs. To exit, a person would open the double doors, take one step down to the landing and then walk two or three steps to the head of the stairs.

Subsequent to the construction of the home, the McHenry County building ordinance was amended to provide that stairways in single-family residences must be equipped with a handrail on at least one side. It is not argued that the ordinance was so drawn as to have retroactive effect.

In 1965, the defendant engaged an independent contractor to install wrought iron handrails on the staircase leading to the rear entrance of the premises. Inadvertently, the contractor erected the handrails on the front stairs, and two days later, the defendant ordered them to be removed from the front and placed at the rear as originally intended. This was done.

On the evening of November 2, 1966, the weather was "nasty" in that it was snowing and raining. The plaintiff and her husband returned home from shopping at about 9:00 p. m. and, after putting her groceries on the table, the plaintiff remembered that she had left her

purse in the car. While returning to her car, the injury complained of occurred. She testified that she left the front entrance, was walking on the landing toward the stairs and, as she started to take a step down on the stairway, her foot went from under her and she landed at the bottom; that she "went to grab for something and there was nothing to grab onto"; that there was no foreign debris on the landing; that she was stunned for a second and then started screaming; that her husband came out and carried her into the house, placed her on the davenport and that she remained on the davenport until November 14, 1966, at which time she was taken to the hospital and remained there until December 9, 1966.

The husband's testimony revealed that, immediately prior to the accident, and also after the accident, he had shoveled the snow; that he generally maintained the premises and that he had never discussed the question of handrailings with the defendant.

Medical testimony was then introduced and the plaintiff closed its case in chief. The defendant moved the court for a directed verdict and, after hearing, the court allowed the motion. Thereafter, the plaintiff moved for a new trial which was denied by the court.

The plaintiff claims that her proofs established a prima facie case and the court erred in directing a verdict because a) the plaintiff's contributory negligence, or freedom from the same, was a jury question, b) whether the absence of a handrail was the proximate cause of the injury was also a question of fact for the jury and, c) the defendant owed a duty to maintain handrailings on the stairway to the front entrance of premises in compliance with the McHenry County Building Code.

■ It is to this last contention that we will first direct our opinion. If there was no duty upon the de-

159

fendant to either install or furnish a handrail, which is the principal basis upon which the plaintiff's claim of liability rests, then his failure to do so could not amount to a breach of duty. Breach of duty is a necessary element to be alleged and proved in a personal injury action if the plaintiff expects to establish a prima facie case in chief.

■ ■ As a general rule of law, a landlord is not liable for injuries on premises leased to a tenant and under the tenant's control. The exceptions being (1) where a latent defect exists at the time of the leasing, which defect is known or should have been known to the landlord in the exercise of reasonable care and which could not have been discovered upon a reasonable examination of the premises by the tenant; (2) where the landlord fraudulently conceals from the tenant a known, dangerous condition; (3) where the defect causing the harm, in law, amounts to a nuisance; and (4) where the landlord promises the tenant to repair the premises at the time of the leasing. Woods v. Lawndale Enterprises, Inc., 302 Ill App 570, 573–574, 24 NE2d 193 (1939). See also, Roseman v. Wilde, 106 Ill App2d 93, 245 NE2d 644 (1969). The evidence in the case at bar does not place the plaintiff within any of the exceptions stated, therefore the general rule must apply since the premises in question were under the plaintiff's, and her husband's, control.

■ The defendant argues that when the defendant ordered wrought iron handrails for the rear entrance and they were inadvertently installed at the front entrance, this act proved that the defendant retained control over the premises. We cannot agree with this conclusion. The evidence, as disclosed by the record, with this one act as an exception, is uncontradicted in establishing the fact that the plaintiff was to maintain and have control of the whole of the leased premises.

160

The plaintiff does not contend that the defendant was required to install a handrail at the front stairway under the building ordinance; however, it is argued that since the defendant did so, he thereby complied with the building ordinance which, in turn, created the duty necessary to her cause of action.

■ If the circumstances were such that the defendant had ordered the placement of a handrail at the front stairway but later removed the same, more credence would be lent to plaintiff's position. However, such is not the circumstance in this case. The uncontradicted evidence is that the defendant never intended to erect a handrail at the front entrance; that an independent contractor, through error, did so and that, within two days of the discovery of the error, it was remedied by the defendant. This, in our opinion, cannot be said to be an act in compliance with the building ordinance, ergo, the creation of a duty.

■ We conclude, as did the trial court, that the evidence presented by the plaintiff in her case in chief did not establish any duty upon the defendant and, therefore, the trial court was correct in directing a verdict in favor of the defendant and denying the plaintiff's motion for a new trial.

Having reached this conclusion, there is no need to discuss the remaining contentions raised by the plaintiff.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.