LARRY COSHENET, Plaintiff-Appellant, *v.* FRANCES HOLUB *et al.*, Defendants-Appellees.

Second District   No. 79-2

Opinion filed January 22, 1980.

Richard J. Smith, of Sullivan, Smith & Hauser, of Waukegan, for appellant.

Alfred W. Lewis, of Wasneski, Kuseski, Flanigan & Dixon, of Waukegan, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Larry Coshenet, was injured in a fall on a stairway in a building owned by defendant, Frances Holub, and rented in its entirety by defendant, Dolly Wiser, d/b/a "400 Cafe." The written lease specifically required the tenant to make all repairs except to the furnace. Plaintiff had been hired by defendant Wiser to wash the second floor windows. Count I of the fourth amended complaint alleges that the owner failed to maintain and repair a known defect in the property, resulting in plaintiff's injury. Defendant Holub's motion for summary judgment as to count I was granted. Count II is directed in the alternative to the tenant and is not involved in this appeal. Count III is also directed against the owner and alleges a breach of duty imposed by a municipal ordinance which requires dwelling owners to keep stairways in sound condition and good repair. Defendant's motion to dismiss count III was granted. Plaintiff appeals the granting of the motion for summary judgment as to count I and the motion to dismiss count III.

■■ Regarding count I, defendant relies on the general rule that a landlord is not liable for injuries to a third party on the premises leased to the tenant and under the tenant's control. (*Thorson v. Aronson* (1970), 122 Ill. App. 2d 156, 258 N.E.2d 33; *Hendricks v. Socony Mobil Oil Co.* (1963), 45 Ill. App. 2d 44, 195 N.E.2d 1.) Plaintiff urges that summary judgment was not proper as there is a genuine issue of material fact regarding whether defendant or the tenant had control over the stairway; he bases this contention largely on the fact that after plaintiff's fall, defendant ordered the door to the stairway to be locked, obtained a carpenter to make repairs, and paid for those repairs.

■■■ While evidence of subsequent repairs is inadmissible to show prior negligence, it is admissible to show who controlled the premises when control is an issue. (*Campagna v. Cozzi* (1965), 59 Ill. App. 2d 208, 207 N.E.2d 739.) However, we do not believe that there is a genuine dispute here as to control at the time of the occurrence in question. We reiterate that the entire building was rented to a single tenant, and the written lease specifically required the tenant to make repairs except to the furnace. As the supreme court of New Jersey stated in *Spinelli v. Golda* (1950), 6 N.J. 68, 78, 77 A.2d 233, 238:

"Where a multi-family dwelling is not involved, and when the entire premises are demised by a clear and unambiguous written lease specifying which party shall make repairs and under what circumstances, the landlord retaining no right of general access or user during the term of the lease, and when there is no conflict as to the occurrence of the accident, will the mere fact that the landlord thereafter made repairs be sufficient, in itself, to create a fact question of control to be submitted to a jury? We think not.

If this hypothesis were accepted, the making of repairs would either change or void the solemn agreement of the parties contained in the lease, concerning which there was otherwise no dispute. This, in turn, would bring about legal chaos."

We believe that *Spinelli* is on point, and adopt the foregoing reasoning of that court. The Illinois cases involving control and subsequent repairs deal with a building with either multiple tenants or common areas (see *Gula v. Gawel* (1966), 71 Ill. App. 2d 174, 218 N.E.2d 42; *Campagna v. Cozzi* (1965), 59 Ill. App. 2d 208, 207 N.E.2d 739) in which there genuinely existed a dispute as to who was required to make repairs and who controlled the area. Such was not the situation here where, with the single exception of the incident presently at issue, the record clearly demonstrates that the tenant was required to maintain and have control of the entire premises. *Cf. Thorson v. Aronson* (1970), 122 Ill. App. 2d 156, 258 N.E.2d 33.

■■ Regarding count III, we also conclude that plaintiff may not state a cause of action under the ordinance against someone not in control of the premises. *Lotspiech v. Continental Illinois National Bank & Trust Co.* (1942), 316 Ill. App. 482, 45 N.E.2d 530, involved an ordinance which imposed a duty upon "the owner, occupant or agent" of the building to close elevator doors. At page 496 the court stated:

"Where the owner rents the entire premises and retains no control over the elevator, it is obvious that such owner would not be liable."

While the foregoing quote was obiter dicta in that case, we believe the reasoning is sound. See also *Savka v. Smith* (1978), 58 Ill. App. 3d 12, 373 N.E.2d 1051.

We accordingly affirm the decision of the trial court.

Affirmed.

SEIDENFELD and LINDBERG, JJ., concur.