GEORGE D. SCHULTZ *et al.*, Plaintiffs-Appellants, v. OSCAR LEE RICHIE *et al.*, Defendants-Appellees.

Fourth District   No. 4—86—0362

Opinion filed October 30, 1986.—Rehearing denied December 1, 1986.

Bruce A. Beeman, of Scott, Beeman & Scott, P.C., of Springfield, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (H. Anne McKee, Charles H. Cole, and Stephen R. Swofford, of counsel), for appellees Oscar Lee Richie and Oscar Wayne Richie.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiffs, George D. and Karen Schultz, appeal from a judgment of the circuit court of Sangamon County entered on a jury verdict in favor of defendants, Oscar Lee Richie, Oscar Wayne Richie, and Eldra Spice. We affirm.

The pertinent facts, as disclosed by the record, are undisputed. On January 21, 1982, at approximately 5:30 p.m., plaintiff George D. Schultz, then a Springfield police officer, was escorting a suspect from the suspect's mother's house. The house located at 1413 East Jackson Street in Springfield, was owned at that time by defendants Oscar Lee Richie and Oscar Wayne Richie, and leased to defendant Eldra Spice.

As Schultz, another police officer, and the suspect were exiting the house, proceeding across the porch and down the porch step to the squad car, Schultz slipped and fell on ice that had accumulated on the "porch step and sidewalk area." Upon falling, Schultz landed on

his backside and sustained back injuries and lacerations of the hand. As an alleged result of these injuries, Schultz' employment with the police department was terminated "for medical reasons," his physical abilities were impaired, he lost income and wages, and incurred medical bills.

At the time of Schultz' fall, the aforementioned house had one front-porch step, which was located directly below the "slope of the front porch roof." The porch roof had no gutters, and water dripped from the roof onto the front-porch step, where it froze. The ice that covered the porch step was described as "jagged" in areas, formed "uneven mounds," and "sloped in a downward fashion" toward the sidewalk. Icicles could be seen hanging from the porch roof, directly above the porch step.

Plaintiffs subsequently instituted an action in the circuit court of Sangamon County, alleging that defendants were negligent in failing to:

"provide any gutters to cause melting snow to be diverted away from the sidewalk/porch step and sidewalk area when said snow melted off the sloping roof thereby either causing an unnatural accumulation of ice or aggravating a natural accumulation of ice."

At the jury trial, evidence, as previously outlined, was introduced regarding the condition of the house and porch at the time the accident occurred, including the absence of gutters on the porch roof. However, the trial court excluded evidence that (1) there were gutters on the porch roof from 1957 to 1973, when the house was occupied by a prior owner; (2) the gutters had come loose from the roof during a storm and were removed by defendant Oscar Lee Richie in 1981; (3) defendant Oscar Lee Richie was issued a building permit to remodel the front porch in 1981; and (4) two years after Schultz' accident, the Richies made repairs to the front porch and installed gutters for the porch roof. In addition, the trial court excluded the testimony of Martin McEvoy, tendered by plaintiffs as an expert in the field of residential and commercial construction.

At the conclusion of the trial, the jury was instructed, *inter alia*:

"The Plaintiffs claim that they were injured and sustained damage, and that the Defendants were negligent in the following respect:

Failed to divert melting snow, water or moisture from the roof of the structure away from the front porch step which resulted in a buildup of ice on the step."

Following deliberations, the jury returned a verdict in favor of all

defendants and against all plaintiffs. The trial court entered judgment on the verdict. The plaintiffs' post-trial motion was denied, and this appeal followed.

■■ Plaintiffs first contend that the trial court abused its discretion by excluding evidence of the prior existence of gutters on the front porch of the house, the removal of those gutters, and the failure to replace the gutters. Specifically, plaintiffs offered the testimony of Mary Opel Bessie. Plaintiffs' offer of proof reflected Bessie's testimony that her mother-in-law resided in the house at 1413 East Jackson Street from 1957 to 1973. Bessie testified that during that time she visited the house approximately once or twice a week in wintertime. She further testified that throughout that period, there were gutters on the front-porch roof and she never noticed an accumulation of ice on the front-porch step. In addition, plaintiffs sought to introduce the testimony of Jim Herrin, a building-permit supervisor for the city of Springfield. Plaintiffs' exhibit No. 51, a building permit issued in 1981 to Oscar Richie to remodel the front porch of the house, was offered in connection with this witness. Further, plaintiffs sought to introduce certain testimony of the Richies. The offer of proof regarding the Richies' testimony disclosed that the house in question was purchased by the Richies from the Bessies in 1973. At the time of the purchase there were gutters on the front-porch roof. After a storm, the gutters became loose and were thereafter removed by the Richies in 1980 or 1981. The Richies' testimony also revealed that gutters were not reinstalled when the front porch was remodeled in 1981. Finally, plaintiffs attempted to introduce previous photographs of the house, before the gutters were removed. Plaintiffs assert that the aforementioned evidence was relevant circumstantial evidence that should have been admitted. Defendants contend, and we agree, that the evidence was properly excluded as it was irrelevant to the issue being tried.

Our supreme court has adopted Rule 401 of the Federal Rules of Evidence (Fed. R. Evid. 401), which defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (*People v. Monroe* (1977), 66 Ill. 2d 317, 322, 362 N.E.2d 295, 297; *In re Elias* (1986), 114 Ill. 2d 321, 334.) Probability is determined in light of logic, experience, and accepted assumptions about human behavior. (*Lebrecht v. Tuli* (1985), 130 Ill. App. 3d 457, 473 N.E.2d 1322.) Evidentiary rulings are within the discretion of the trial court and will not be disturbed on review absent an abuse of discretion. (*In re Estate of*

*Weir* (1983), 120 Ill. App. 3d 18, 458 N.E.2d 134.) Here, the issue was not whether the defendants had a duty to have gutters on the porch roof, nor was the issue whether defendants were negligent in removing the gutters or failing to replace them. Rather, the issue was whether, at the time of the occurrence, defendants were negligent in failing to divert, in some way, the flow of water from the porch roof away from the porch step, which resulted in a buildup of ice on the step. The jury was fully informed of the condition of the scene of the accident at the time of the occurrence. The jury was made aware that there were no gutters or any other device on the roof to divert the melting snow away from the porch step. The jury was further informed that water flowed from the roof onto the porch step where it froze. These facts and others were presented which were relevant to the jury's determination. The fact that the house previously had gutters from 1957 to 1973, which were removed following a storm but were never replaced, was not relevant to the jury's determination of the particular issue in this case.

Courts have held that it is not error to exclude evidence which "does not reasonably bear upon specific issues under consideration." (*Eleopoulos v. Dzakovich* (1981), 94 Ill. App. 3d 595, 418 N.E.2d 980.) In light of the issue in this case and the evidence presented, we cannot say that the exclusion of the aforementioned evidence was error.

We note that plaintiffs place principal reliance on three cases: *Lapidus v. Hahn* (1983), 115 Ill. App. 3d 795, 450 N.E.2d 824; *Durkin v. Lewitz* (1954), 3 Ill. App. 2d 481, 123 N.E.2d 151; and *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031. These cases are similar to the instant case in that the issue in each was, generally, whether the defendant was negligent in allowing ice to accumulate, based on the condition of premises in question at the time of the occurrence. None of these cases, however, held that evidence of the condition of the premises, years prior to the occurrence, was relevant to a determination of that issue.

■ Next, plaintiffs contend that the trial court erred in granting defendants' motion *in limine* to exclude the evidence deposition of Martin McEvoy, plaintiffs' proposed expert witness. Plaintiffs first argue that pursuant to Supreme Court Rule 211(c)(1) (87 Ill. 2d R. 211(c)(1)), defendants waived any objection at trial to the admissibility of McEvoy's testimony by failing to object to some of the questions and answers at the time McEvoy's deposition was taken. Defendants assert that they did object to McEvoy's competency as an expert at the time of the taking of the deposition. Notwithstanding this, defendants contend that the defects in McEvoy's testimony could not have

been corrected at the time of the deposition, and, consequently, were not waived.

Supreme Court Rule 211(c)(1) (87 Ill. 2d R. 211(c)(1)), governing objections to deposition testimony provides:

> "Grounds of objection to the competency of the deponent or admissibility of testimony which might have been corrected if presented during the taking of the deposition are waived by failure to make them at that time; otherwise objections to the competency of the deponent or admissibility of testimony may be made when the testimony is offered in evidence."

Defendants' motion *in limine* challenged the competency of the deponent and relevancy of the subject matter of the testimony in whole. In granting defendants' motion, the trial court found that McEvoy's testimony was irrelevant and "not proper subject matter for expert testimony." Such a defect could not have been corrected at the time the deposition was taken. (See *Peterson v. Henning* (1983), 116 Ill. App. 3d 305, 452 N.E.2d 135; *Bird v. Thanhouser* (1911), 160 Ill. App. 653.) Accordingly, defendants' objections to the competency and relevancy of McEvoy's testimony were not waived pursuant to Supreme Court Rule 211(c)(1) (87 Ill. 2d R. 211(c)(1)).

Plaintiffs further contend that the trial court abused its discretion in excluding McEvoy's deposition, arguing that the testimony would have assisted the jury in its understanding of the case. Defendants assert that McEvoy's deposition was properly excluded as his testimony was irrelevant, not proper subject matter for expert testimony, and because McEvoy did not qualify as an expert.

McEvoy testified at the taking of the deposition that he was a certified public accountant and general contractor. He further testified that he had been involved in both residential and commercial construction. McEvoy stated that he had performed some experiments with gutters; however, he did not discuss the nature or extent of those experiments. The opinion testimony sought to be elicited by plaintiffs centered on the absence of gutters on the defendants' "sloping porch roof," and the duty of an individual, exercising ordinary care, to place gutters on such a roof. Specifically, McEvoy testified that in the absence of gutters, melting snow or ice flows off the roof "where gravity takes it, and in this case it took it to the steps and caused an unnatural accumulation of ice." As previously indicated the trial court found that McEvoy's testimony was irrelevant and not proper subject matter for expert testimony.

The modern trend is to permit expert testimony if the expert has some special knowledge or experience and the testimony will

aid the jurors' understanding. (*Perschall v. Metropolitan Life Insurance Co.* (1983), 113 Ill. App. 3d 233, 446 N.E.2d 570; *Binge v. J. J. Borders Construction Co.* (1981), 95 Ill. App. 3d 238, 419 N.E.2d 1237.) Expert testimony may be admitted on matters of common knowledge where the subject is difficult of comprehension or explanation. (*Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 273 N.E.2d 809; *Miller v. Pillsbury Co.* (1965), 33 Ill. 2d 514, 211 N.E.2d 733.) However, where the area of proposed expert testimony relates to a matter of common knowledge but offers no aid to the trier of fact in determining questions at issue, the expert's opinion may not be admitted. (*Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201.) The trial court is vested with wide discretion in determining whether the testimony of the expert will be of aid to the jurors in understanding the evidence or determining a fact in issue. *Brendel v. Hustava* (1981), 97 Ill. App. 3d 792, 423 N.E.2d 503.

■ We have reviewed McEvoy's deposition and conclude that the testimony was properly excluded. The facts in the case were not complicated or technical and were presented to the jury in a quite comprehensible fashion. The condition of the premises, including the absence of gutters, the existence of icicles hanging from the roof, and the existence of ice on the porch step, was clearly laid out. Further, the issue involved a matter of common knowledge and understanding and was not difficult to comprehend or explain. Under these circumstances, no special knowledge or assistance was needed to resolve that issue, and there was, therefore, no need for expert testimony. *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201; *Lewis v. W. F. Smith & Co.* (1979), 71 Ill. App. 3d 1032, 390 N.E.2d 39; *Brooks v. Lundeen* (1977), 49 Ill. App. 3d 1, 364 N.E.2d 423; *Phillips v. Shell Oil Co.* (1973), 13 Ill. App. 3d 512, 300 N.E.2d 771.

Furthermore, McEvoy's testimony pertaining to gutters was irrelevant to the issue in the case. As noted by the trial court, the issue here was not whether the defendants had a duty to have gutters for their porch roof. Rather, the jury had to determine whether the defendants were negligent in "failing to divert melting snow, water or moisture from the roof of the structure away from the front porch step which resulted in a buildup of ice on the step."

Accordingly, the trial court's exclusion of this testimony was not an abuse of discretion. In light of our conclusion, we deem it unnecessary to consider McEvoy's competency as an expert.

Finally, plaintiffs contend that the trial court erred in excluding

evidence of subsequent repairs to the premises. That evidence included the defendants' testimony that gutters were installed and the porch step was repaired approximately two years after the accident and photographs of the house taken after the repairs were made. Plaintiffs assert that the Richies' control over the premises was an issue in the case as a result of the pleadings. Thus, plaintiffs argue that evidence of subsequent repairs by the Richies should have been admitted to show that the Richies exercised control over the premises at the time of the occurrence. The Richies contend that the evidence was properly excluded as they conceded the issue of control before the case was submitted to the jury.

■ As a general rule, evidence of subsequent repairs is inadmissible to show prior negligence. (*Coshenet v. Holub* (1980), 80 Ill. App. 3d 430, 399 N.E.2d 1022; *Day v. Barber-Colman Co.* (1956), 10 Ill. App. 2d 494, 135 N.E.2d 231; *Garshon v. Aaron* (1947), 330 Ill. App. 540, 71 N.E.2d 799.) There are two reasons for this rule. First, the subsequent repairs may be motivated by a desire to exercise the highest care and thus in fact not be an admission of negligence, and second, the taking of corrective measures should not be discouraged by allowing evidence thereof. (See *Hodges v. Percival* (1890), 132 Ill. 53, 23 N.E. 423; E. Cleary & M. Graham, Illinois Evidence sec. 407.1, at 182 (4th ed. 1984).) Evidence of subsequent repairs is admissible, however, to show who controlled the premises—when control is an issue. *Coshenet v. Holub* (1980), 80 Ill. App. 3d 430, 399 N.E.2d 1022; *Campagna v. Cozzi* (1965), 59 Ill. App. 2d 208, 207 N.E.2d 739; *Kuhn v. Illinois Central R.R. Co.* (1903), 111 Ill. App. 323.

■ As a result of the pleadings in the instant case, there was initially a dispute as to who was in control of the premises at the time of the occurrence. At trial, however, the Richies conceded the issue of control. Thus, the issue of who controlled the premises was not before the jury and, accordingly, no instruction was given to the jury in that respect. Therefore, the evidence of subsequent repairs had no bearing on the jury's determination and was properly excluded by the trial court.

For the reasons stated, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

WEBBER and GREEN, JJ., concur.