CHARLES D. BURNHAM, a Minor, by his Mother and Next Friend, Pamela Burnham, Plaintiff-Appellant, v. CHERYL A. LEWIS, Defendant-Appellee.

Fifth District   No. 5—90—0432

Opinion filed August 27, 1991.

Joseph J. Neely, of Neely & Neely, of Metropolis, for appellant.

Charles E. Schmidt and Rebecca J. O'Neill, both of Brandon & Schmidt, of Carbondale, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

On May 12, 1986, Charles Burnham, age 10, was struck and injured by an automobile driven by Cheryl Lewis. Plaintiff filed the present action in the circuit court of Massac County on January 6, 1987, and defendant filed her answer on February 3, 1987. Contained in defendant's answer was the affirmative defense of comparative fault. On December 8, 1988, plaintiff amended the complaint by adding a count for willful and wanton misconduct. Defendant filed an answer to the new count on January 19, 1989, and filed an amended answer on January 23, 1990. The amended answer addressed each count of plaintiff's complaint and prayed for a judgment in defendant's favor but did not include the comparative fault defense.

At trial, which commenced on February 5, 1990, plaintiff produced evidence of medical bills totaling $3,211 and of property damage totaling $60. The plaintiff also produced numerous occurrence and post-occurrence witnesses who testified that immediately after the accident plaintiff was semi-conscious and bleeding profusely from a gash along the side of his head. He also had numerous scratches and bruises.

Dr. Enrique Yap, the initial treating physician, testified that plaintiff had an eight-inch laceration along the left side of his head which exposed the skull along the entire length. Plaintiff's condition was stabilized and his neck was immobilized by a neck brace. A subsequent X ray revealed a subluxation of the cervical spine. Plaintiff was immediately transferred by ambulance to the care of Dr. John D. Noonan, a neurosurgeon in Paducah, Kentucky. Dr. Yap opined that plaintiff's injuries were life-threatening.

Dr. Noonan testified that he first saw plaintiff in the emergency room of Western Baptist Hospital. While in X ray, plaintiff went into shock from the scalp laceration and resultant blood loss. Dr. Noonan testified that he had to act then or plaintiff would have died from cardiac arrest. Plaintiff was also found to have cervical strain. Plaintiff was hospitalized for several days. Plaintiff saw Dr. Noonan several times after he was discharged during which times plaintiff complained of difficulty with his ears and his memory. He was advised that this was a normal result of the concussion he had sustained in the accident and that it would probably improve.

Plaintiff's mother testified that while he was in the hospital he had to be fed because his hands were so badly scraped that it hurt to bend his knuckles. She also stated that he sat slumped because of the injury to his neck and shoulders and could not lift his arm for several days. After coming home, plaintiff began walking on his toes on one foot occasionally, and continued to do so for over a year and a half. He also complained of pain in his knees and ankles. He suffered a blackout spell in the hospital and continues to have brief blackouts and dizzy spells.

Plaintiff's mother also testified that for about a year after the accident, plaintiff complained of hearing noises in his head or ears. Plaintiff also evidenced memory loss and became quieter, not running and playing as much. She stated that during the year and a half before trial, plaintiff had seemed more like his old self.

Myra Tilley, one of plaintiff's teachers, testified that plaintiff missed the last four weeks of the school year and upon his return the following year seemed very different. He was quiet and withdrawn,

and had difficulty recognizing people. His coordination and his gait were affected. This problem, as well as his problems with his memory and ability to recognize people, persisted for several years.

Plaintiff testified that he remembered waking up after being hit. His hands, knuckles, knees, and face were all badly skinned, and he was bleeding from a head wound. He remembered being taken to the hospital where he remained for three or four days. His arms and shoulders hurt so bad that he could not raise his arms. He began experiencing blackouts and dizziness while at the hospital, and these symptoms continue. His knees have continued to cause him pain.

A jury instruction conference was held on February 8, 1990. Plaintiff objected to the giving of any jury instructions on the affirmative defense of comparative fault, arguing that the defendant waived this defense by not including it in the amended answer. The trial court denied the objection, and the jury subsequently returned a verdict for the plaintiff in the amount of $3,500. The jury also attributed 75% of the fault to plaintiff and 25% to the defendant, and reduced the damage award accordingly.

On appeal, plaintiff argues that defendant's failure to include the affirmative defense of contributory fault in the amended answer waived such defense, and that the trial court erred in instructing the jury on this issue. We find that plaintiff has waived this argument. Upon examining the record, we find that plaintiff himself tendered numerous instructions on the issue of contributory negligence. Plaintiff's instruction 2, defining the term "contributory negligence," was given, as were plaintiff's instructions 3 and 4, the issue and burden of proof instructions, both of which refer to the issue of contributory negligence. We also note that plaintiff declined to tender an alternate verdict form. The trial court gave the verdict form tendered by defendant, which instructed the jury to apportion any percentage of fault attributed to plaintiff and to reduce the amount of damages amended thereby.

■■ To preserve for review an argument relating to jury instructions, a party must both object during the instruction conference (*Misch v. Meadows Mennonite Home* (1983), 114 Ill. App. 3d 792, 449 N.E.2d 1358; *Russo v. Kellogg* (1962), 37 Ill. App. 2d 336, 341-42, 185 N.E.2d 377, 380) and set forth his objection in a post-trial motion (*Micklos v. Highsmith* (1986), 149 Ill. App. 3d 779, 500 N.E.2d 1154). Both are required. Simply including the argument in the post-trial motion will not preserve it where no objection was raised at trial. (*Stephenson v. Dreis & Krump Manufacturing Co.* (1981), 101 Ill. App. 3d 380, 428 N.E.2d 190; *Aspland v. McMaster* (1963), 39 Ill.

App. 2d 366, 188 N.E.2d 508.) Both must be sufficiently specific to make clear the nature of the objection. (*Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 415 N.E.2d 337; *Statler v. Catalano* (1988), 167 Ill. App. 3d 397, 521 N.E.2d 565; *Mathis v. Burlington Northern, Inc.* (1978), 67 Ill. App. 3d 1009, 1012, 385 N.E.2d 780, 782, citing *Osborne v. Leonard* (1968), 99 Ill. App. 2d 391, 240 N.E.2d 769.) A review of the record of the instruction conference and plaintiff's post-trial motion reveals that plaintiff's objection in both cases was sufficiently specific. However, we find that despite his objections, plaintiff himself submitted several instructions which addressed the issue of contributory fault. While it was not necessary to tender an alternate instruction given that the trial court made clear that such would be refused (see *Department of Public Works & Buildings v. Association of Franciscan Fathers* (1977), 69 Ill. 2d 308, 371 N.E.2d 616; *People v. Rosario* (1988), 166 Ill. App. 3d 383, 519 N.E.2d 1020), we find that by tendering instructions which addressed the issue of contributory fault plaintiff acquiesced to the trial court's ruling and waived his objection.

We next address plaintiff's contention that the damage award was palpably inadequate and against the manifest weight of the evidence. Plaintiff produced uncontroverted evidence of medical and hospital bills totaling $3,211 and of property damage totaling $60. The total amount of damages awarded by the jury was $3,500, which means plaintiff received $229 as compensation for his pain, suffering, physical injuries, and the long-term effects of the accident. We agree with plaintiff that this sum bears no reasonable or rational relationship to the proven damages.

Plaintiff provided uncontradicted evidence that he suffered severe, life-threatening injuries requiring hospitalization for several days, was in great pain, and suffered long-term physical disability and personality disorder. Plaintiff also bears permanent scars on his head, elbows, and face. While the amount of damages to be awarded is generally left to the discretion of the jury, that discretion is not unlimited, and it is the duty of this court to reverse where the damage award is clearly against the manifest weight of the evidence or bears no reasonable relationship to plaintiff's loss. (*Atchley v. Berlen* (1980), 87 Ill. App. 3d 61, 408 N.E.2d 1177; *Stamat v. Merry* (1979), 78 Ill. App. 3d 445, 397 N.E.2d 141.) Defendant points to our recent decisions in *Kumorek v. Moyers* (1990), 203 Ill. App. 3d 908, 561 N.E.2d 212, and *Hinnen v. Burnett* (1986), 144 Ill. App. 3d 1038, 495 N.E.2d 141, as support for her contention that the jury's award for pain and suffering was not inadequate. In *Kumorek*, plaintiffs were compen-

sated for the cost of medical treatment but awarded nothing for pain and suffering. This court reversed, finding the jury's verdict to be inconsistent. (*Kumorek*, 203 Ill. App. 3d at 912-13, 561 N.E.2d at 215.) We went on to state that had the jury awarded even a small amount, "[w]e could then arguably acknowledge that the jury recognized such damages but chose not to believe all of the plaintiffs' testimony." (*Kumorek*, 203 Ill. App. 3d at 913, 561 N.E.2d at 215.) In *Hinnen*, the plaintiff in an automobile accident was awarded $2,500 for past medical expenses but nothing for pain and suffering or disability. This court reversed and remanded for a new trial on damages based upon, *inter alia*, the inconsistency in the jury's verdict. (*Hinnen*, 144 Ill. App. 3d at 1046, 495 N.E.2d at 147.) Both cases address situations where a jury made an award for medical expenses yet denied damages for pain and suffering, resulting in verdicts which were irreconcilably inconsistent. In the present case we are not confronted with an irreconcilably inconsistent verdict, and the above-referenced cases are inapposite. Both *Kumorek* and *Hinnen* may be read to support the proposition that where a jury makes even a small award for pain and suffering, the verdicts *may* be sustained on appeal. They cannot be read to hold that in such cases the verdict *must* be affirmed. This court is still compelled, where the issue is raised, to determine whether the amount of damages awarded is supported by the manifest weight of the evidence and bears a reasonable relationship to the loss suffered by the plaintiff. Viewing the totality of the evidence, we conclude that such is not the case here.

We must also determine whether a new trial should be confined to the issue of damages only. The standard for making such a determination is well settled:

> " 'A new trial on the question of damages only is appropriately granted "where (1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some other identifiable manner, the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability." ' " (*Barr v. Groll* (1991), 208 Ill. App. 3d 318, 323, 567 N.E.2d 13, quoting *Hollis v. R. Latoria Construction, Inc.* (1985), 108 Ill. 2d 401, 408, 485 N.E.2d 4, 7, quoting *Balestri v. Terminal Freight Cooperative Association* (1979), 76 Ill. 2d 451, 456, 394 N.E.2d 391, 393.)

Based upon a review of the record, we find that the evidence supports the jury's findings regarding the question of liability, including its apportionment of fault. We also find that a new trial limited to the question of damages only would not be unfair to the defendant, and that there is nothing in the record suggesting a compromise verdict, nor any indication that the error resulting in the inadequate damage award also affected the findings as to liability. We therefore affirm the trial court's judgment in part, with respect to defendant's liability to plaintiff and the appointment of fault, but we also reverse the judgment of the trial court in part, with respect to damages, and remand this cause for a new trial on the issue of damages.

For the foregoing reasons, the judgment of the circuit court of Massac County is affirmed in part and reversed in part, and this cause is remanded with directions.

Affirmed in part; reversed in part and remanded with directions.

HARRISON and WELCH, JJ., concur.