No. 3--00--0530, 

                                                                  

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D. , 2001

JANET WORSLEY and FRANK WORSLEY, ) Appeal from the Circuit Court

   ) of the Ninth Judicial Circuit

Plaintiffs-Appellees,   ) Fulton County, Illinois

   )  

v.   ) No. 97-L-41 

   ) 

FARMINGTON PIZZA COMPANY, INC.,  ) Honorable 

   ) William D. Henderson,

Defendant-Appellant.   ) Judge Presiding

                                                                 

JUSTICE LYTTON delivered the opinion of the court: 

                                                                 

Plaintiffs, Janet Worsley (Janet) and Frank Worsley (Frank), brought this action for personal injuries sustained by Janet in a fall in defendant's restaurant, Farmington Pizza Company, alleging that defendant failed to place warning devices on or near a step in the restaurant.  After a trial, the jury rendered a verdict in favor of plaintiffs.  Defendant appeals.  We affirm.

In January, 1996, plaintiffs were walking from the bar area to the dining area of defendant's restaurant when Janet failed to see a seven-inch step down, walked off the step and fell, injuring her right shoulder.  The step was covered with blue carpet identical to that in the bar area and dining area.  The stair lacked a hand rail or warnings that would have brought attention to the step.  

Prior to trial, defendant filed a motion for summary judgment.  Defendant argued that it was not under a duty to warn plaintiff of the step because it was an open and obvious condition.  The trial court denied defendant's motion.

Defendant then filed a motion 
in limine
 to prevent plaintiff from introducing evidence that it had once placed reflective tape on the step and a warning sign nearby, but later removed them because the tape came loose and the sign kept falling down.  Defendant argued that the removal of the safety features was irrelevant and prejudicial.  The trial court denied the motion, 
and plaintiffs introduced the evidence at trial.

The jury returned a verdict in favor of plaintiffs but reduced the award by 35% because of Janet's comparative negligence.  The jury awarded Janet net damages of $21,914.75 as well as $2,145 to Frank for loss of consortium.  Defendant filed a motion for judgment notwithstanding the verdict, and in the alternative a new trial.  The trial court denied defendant's motion.  

DISCUSSION
 

I.

Defendant argues that the trial court abused its discretion by denying its motion 
in limine
 to exclude testimony that defendant had removed a lighting strip and warning sign prior to Janet's fall.  Defendant complains that it was prejudiced by the admission of the testimony since previous safety measures were not relevant to determine the condition of the step at the time of the fall. 

Relevant evidence is evidence which has a tendency to make the existence of any material fact more or less probable than it would be without the evidence.  
Wojcik v. City of Chicago
, 299 Ill. App. 3d 964, 971, 702 N.E.2d 303, 309 (1998); See also, Fed. R. Evid. 401.  The relevance and admissibility of evidence at trial is within the discretion of the trial court.  
Wojcik
, 299 Ill. App. 3d at 971, 702 N.E.2d at 309.  We will not overturn the decision of the trial court absent an abuse of that discretion resulting in substantial prejudice.  
Wojcik
, 299 Ill. App. 3d at 971, 702 N.E.2d at 309. 

Evidence of a defendant's post-accident remedial measures is not admissible as proof of negligence (
Schaffner v. Chicago & North Western Transportation Co.
, 129 Ill. 2d 1, 14, 541 N.E.2d 643, 647 (1989)), because 1) public policy encourages the adoption of safety improvements for unsafe conditions, 2) subsequent improvements may be an attempt to exercise the highest standard of care and are not considered probative of prior negligence, and 3) a jury may view remedial measures as an admission of negligence.  
Herzog v. Lexington Township
, 167 Ill. 2d 288, 300, 657 N.E.2d 926, 932 (1995).  

In urging us to extend the same policy concerns to pre-injury safety measures, defendant cites post-manufacture, pre-injury remedial measures in product liability cases.  See 
Carrizales v. Rheem Manufacturing Co.
, 226 Ill. App. 3d 20, 589 N.E.2d 569 (1991); 
Smith v. Black & Decker (U.S.), Inc.
, 272 Ill. App. 3d 451, 650 N.E.2d 1108 (1995).  The instant case, however, is a premises liability action, and different policy concerns are implicated, 
i.e.
, the condition of the premises at the time of the accident and defendant's knowledge of the dangerous condition.  

To be liable for a dangerous condition, a defendant must have knowledge that the condition existed.  

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."  Restatement (Second) of Torts § 343 (1965).  

Defendant's knowledge that the step was a dangerous condition was a material fact that plaintiffs were required to prove at trial.  Defendant's early use of the reflective tape and warning sign tends to establish knowledge of the dangerous condition.  
Therefore, the prior use of the safety devices was admissible.

Furthermore, in the product liability cases cited by defendant, the pre-injury remedial measures made the subsequently manufactured product safer.  Defendant, however, 
removed
 safety warnings, making the step 
less
 safe.  Defendant's characterization of its actions as "pre-injury remedial measures" and the policy rationale flowing from them are flawed.  The prior use and removal of the safety features was relevant to show defendant's knowledge that the step was not an open and obvious condition.  The trial court did not abuse its discretion by denying defendant's motion. 

CONCLUSION

The judgment of the circuit court of Fulton County is affirmed.

Affirmed.

HOMER, P.J., concurring, and McDADE, J., partially concurring/dissenting.

JUSTICE McDADE, concurring in part and dissenting in part

Defendant raised three issues on appeal.  I agree with the majority opinion regarding the trial court's ruling on the defendant's motion for summary judgment and, conditionally, with its denial of the defendant's motion to reduce the jury's verdict.  However, I respectfully disagree with the decision as it relates to the relevance and admissibility of evidence of the existence of a sign and lighting strip near the steps prior to Janet Worsley's fall.

First, defendant argued that the trial court erred in denying its motion for summary judgment on the basis that the defendant did not owe Janet a duty to warn her of the step.  As indicated in the majority opinion, there were material questions of fact with regard to whether the step was open and obvious.  On that basis, the denial of the motion was appropriate.

Second, defendant argued that there was no evidence to support the amount of the verdict entered by the jury.  Here again, as indicated by the majority, a jury's verdict will only be reversed or reduced where it is against the manifest weight of the evidence or bears no reasonable relationship to the plaintiff's loss.  
Burnham v. Lewis
, 217 Ill. App. 3d 752, 756, 577 N.E.2d 922, 924 (1991).  In this case, the jury's verdict does not appear to be clearly against the manifest weight of the evidence which was allowed, rightly or wrongly, to be presented at trial.  Given that evidence, the trial court appropriately denied defendant's motion.

Finally, defendant argued that the trial court erred in denying its motion 
in limine
 and motion for a new trial, both of which challenged plaintiffs' evidence of a warning sign and lighting strip that had previously been placed near the step.  I believe the defendant was correct in this argument.  The basis of the challenge was defendant's contention that the specific safety
 measures taken by the defendant prior to the injury were irrelevant to the condition of the step at the time of the injury.   In support of this position, defendant cites 
Schultz v. Richie
, 148 Ill. App. 3d 903, 499 N.E.2d 1069 (1986).  In the 
Schultz
 case, the plaintiff slipped on ice that had accumulated on the step of a porch due to the absence of gutters.  The court held that the fact that gutters had once been on the house was not admissible at the trial because it was not relevant to the jury's determination in that particular case. 
 Schultz
, 148 Ill. App. 3d at 906, 499 N.E.2d at 1071.

The majority acknowledges that a defendant's post-accident remedial measures are not admissible 
(Schafner v. Chicago & North Western Transportation Co.
, 129 Ill. 2d 1, 541 N.E.2d 643 (1989)), and that there are several policy reasons for the rule, including the possibility that a jury may view remedial measures as an admission of negligence.  However, the majority then goes on to state that, in this case, the evidence of the sign and lighting strip were relevant, and therefore admissible to show the defendant's knowledge of a potentially dangerous condition, regardless of the prejudicial effect of admitting such evidence.

Evidence that a possible safety measure had been removed from an area where an alleged injury later occurred is clearly prejudicial.  Defendant's prior placement of a sign and a lighting strip, without any showing that either was necessary or helpful, was admitted as evidence that their absence at the time of the accident was negligence.  However, representatives for the defendant testified that the sign and lighting strip had been removed because they were serving no purpose and were difficult to keep in place.

There was no evidence that Janet had relied on the sign or lighting strip prior to the fall.  In fact, she testified that she had never been to the defendant's restaurant prior to the date of her fall.  Therefore, the sign and lighting strip were not relevant to the condition of the step as it was known to Janet.  The only issue to be decided by the jury was whether the step, as it existed at the time of Janet's injury, was unreasonably dangerous and whether defendant was negligent in maintaining it in that condition.  What defendant may have done previously was, absent some prior reliance by Janet, totally irrelevant to that inquiry.  

Since the jury entered its verdict in favor of the plaintiffs and there is no way to determine the amount of weight given to the evidence regarding the sign and lighting strip, the admission of the evidence was reversible error.  On that basis, I would remand the case to the trial court for a new trial without the improper evidence.