EMILY GALLICK, Plaintiff-Appellant, *v.* JOHN NOVOTNEY *et al.*, d/b/a Novotney's Bi-Rite, Defendants-Appellees.

Third District    No. 3—83—0590

Opinion filed May 31, 1984.—Rehearing denied June 29, 1984.

Emmanuel F. Guyon, of Streator, for appellant.

Michael T. Reagan, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:
The plaintiff, Emily Gallick, brought an action against the defend-

ants to recover for injuries sustained when the plaintiff fell as she was leaving the defendant's store. The fall was allegedly caused by a 1½-inch change in elevation between two sidewalk slabs. A jury verdict was returned in favor of the defendants. Before addressing the issues raised by the plaintiff, we must first discuss the procedural sequence leading to this appeal.

The jury's verdict was returned on May 19, 1983. On May 26, the plaintiff filed a notice of appeal which transferred jurisdiction to this court. Next, the plaintiff filed a post-trial motion on June 6, 1983. The motion was timely but the trial court had no jurisdiction to rule on it. The plaintiff then filed a motion to dismiss the appeal which we granted on July 5, 1983. On September 7, 1983, the trial court granted the defendants' motion to dismiss the post-trial motion because it was filed at a time when the court had no jurisdiction. This appeal followed.

■ The first issue is whether the trial court properly dismissed the post-trial motion. Such a motion is timely if it is filed within 30 days after the entry of judgment as was done in the present case. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1202(c).) The fact that the motion was filed at a time when the trial court had no jurisdiction over the case does not affect the timeliness of the motion under section 2—1202(c). When the plaintiff withdrew her notice of appeal, jurisdiction was restored to the trial court. (*Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542.) Therefore, the trial court was empowered to rule on the merits of the plaintiff's post-trial motion and should not have dismissed it.

■ Having determined that the trial court erred in dismissing the plaintiff's motion, we would usually remand the cause and direct the trial court to rule on the motion. However, the court's ruling would then be the potential subject of yet a third appeal. Most of the issues contained in the plaintiff's motion for a new trial have been fully briefed and argued before this court. Therefore, in order to avoid further delay and in the interest of judicial economy, we will invoke our original jurisdiction under article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, sec. 6) and complete the determination of this cause by ruling on the motion ourselves. See *Franks v. North Shore Farms, Inc.* (1969), 115 Ill. App. 2d 57, 74.

■ The plaintiff first argues that the trial court improperly excluded photographs which depicted repairs made by the defendants to the exit way of the store four days after the plaintiff's fall. This issue was briefed and argued before this court but was not contained in the plaintiff's post-trial motion. Furthermore, the record reveals that plaintiff's counsel expressly agreed to the entry of a motion *in limine*

as to any post-accident repairs. Therefore, the issue has been waived.

■ Next, the plaintiff argues that the court erred in refusing to admit into evidence a full-scale replica or model of the exit way of the store. The purpose of the model was to demonstrate the difference in elevation between two sidewalk slabs which allegedly caused the plaintiff's fall.

The plaintiff called two witnesses to authenticate the model. The first witness testified that he had made one measurement of the height variance between the sidewalk sections three years after the accident. The second witness was the man who had repaired the exit shortly after the accident. He took no measurements and had no opinion as to any height variance. Based on this testimony, the trial court refused to admit the replica into evidence, finding that both witnesses disagreed as to the degree of variance and whether the variance was the same along the width of the two sidewalk sections in question.

We have reviewed the record and agree with the trial court's ruling. The foundation testimony was insufficient to authenticate the model. Hence, the exhibit was inadmissible.

■ Next, the plaintiff argues that the court erred in allowing one of the defendants to testify that there were no prior complaints of falls occurring at the exit of the store. Evidence of the absence of prior accidents is admissible to show lack of notice of a dangerous condition or that the situation or defect was not hazardous. *Hardman v. Helene Curtis Industries, Inc.* (1964), 48 Ill. App. 2d 42, 52.

The record reveals that although the defendants may have been aware of a slight difference in elevation at the exit, they did not consider it to be hazardous. Therefore, the absence of prior accidents was relevant to the issues of whether the defendants were aware of a dangerous condition and whether the condition was in fact dangerous.

■ Also, the record shows that a proper foundation was laid for this evidence. The test is whether the condition of the exit was substantially the same before and at the time of the accident. (*Campion v. Chicago Landscape Co.* (1938), 295 Ill. App. 225, 237.) The defendants testified that no material changes were made in the exit way between the time it was constructed and the time of the accident. For these reasons, the court did not abuse its discretion in admitting testimony concerning the absence of prior accidents.

■ Next, the plaintiff argues that the court erred by refusing to give a jury instruction which defined the standard of care in this case based on violation of a statute. The statute in question is the Facilities for the Handicapped Act (Ill. Rev. Stat. 1981, ch. 111½, par. 3701 *et seq.*) and the accessibility standards promulgated thereunder

by the Capital Development Board.

The statute applies only to handicapped persons. Plaintiff's counsel contends that the plaintiff was handicapped solely because she was 67 years old at the time of the accident. This contention is contrary to the law. To be classified as handicapped under the statute, a person must suffer from a physical, mental or communicative disability. (Ill. Rev. Stat. 1981, ch. 111½, par. 3702.) Old age alone is no disability. The record shows that the plaintiff golfed, exercised, shoveled snow and did yard work. There is absolutely no evidence that the plaintiff was disabled in any manner.

Furthermore, the defendants' store is not a public building as defined by section 2 of the Facilities for the Handicapped Act (Ill. Rev. Stat. 1981, ch. 111½, par. 3702). The store is not owned or leased by the State. It is not a place of gathering or amusement nor is it an office or factory. Therefore, the statute does not apply to this case and the instruction was properly refused.

■ Finally, the plaintiff argues that the court erred in failing to direct a verdict against the defendants. In his brief, plaintiff's counsel makes no reference to the record showing that he made a motion for a directed verdict or that the court ruled thereon. Although we are not required to do so, we have searched the record and find that both parties moved for a directed verdict at the close of the plaintiff's case. The court denied the defendants' motion and told plaintiff's counsel to renew his motion when all of the evidence was in. The plaintiff did not.

When a court reserves a ruling, the movant must seek a decision in order to preserve the motion for review. (*Terracina v. Castelli* (1979), 80 Ill. App. 3d 475.) Plaintiff's counsel has failed to show that he either renewed or obtained a ruling upon his motion for a directed verdict. Therefore, the issue is waived.

Based on the foregoing, we find that the trial court erred in dismissing the plaintiff's post-trial motion. We have considered the motion and find that it has no merit. Accordingly, the plaintiff's motion for a new trial is denied and the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.