ROSEMARY MICKLOS, Plaintiff-Appellant, v. KAREN HIGHSMITH, Defendant-Appellee.

Third District  No. 3—86—0075

Opinion filed November 25, 1986.—Rehearing denied December 19, 1986.

Emmanuel F. Guyon, of Streator, for appellant.

George C. Hupp, Sr., of Hupp, Lanuti, Irion & Martin, P.C., of Ottawa, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Plaintiff, Rosemary Micklos, appeals from a jury verdict for defendant Diane Williamson in a suit for injuries she sustained while she was a passenger in the defendant's car. Defendant Karen Highsmith Brown settled with the plaintiff prior to trial and was dismissed from the case, so only Williamson and Micklos are parties to this appeal. The plaintiff alleges numerous errors were made by the trial court and seeks to have this court set aside the verdict and direct a verdict for the plaintiff or grant a new trial. We affirm.

The relevant facts surrounding the accident are presented immediately below. Many of the trial court's rulings on the plaintiff's pretrial motions are also important because the plaintiff cites several of them as error. Each ruling will be discussed together with each allegation of error in a later portion of the opinion.

The accident took place on May 4, 1984, on Park Street near its intersection with Bridge Street in Streator. Park Street consists of two lanes of travel, each going north. The weather on the day of the accident was described as sunny, and the pavement was dry. Rosemary Micklos was a passenger in a car driven by her daughter, Diane

Williamson, and was proceeding north in the right lane toward the Bridge Street intersection. As the Williamson vehicle reached the middle of the block where an alley joined Park Street, a car driven by Karen Highsmith Brown exited the alley from the west, crossed the left lane, and entered the right lane, where Williamson's car was traveling. Williamson applied her brakes and veered to the right in an attempt to avoid an accident, but was unsuccessful. The front of her car collided with the right side of Brown's car. The cars bounced back slightly after the impact but were not damaged severely and were later driven from the scene. Brown entered Park Street only after an unidentified man in a green car stopped south of the alley and motioned for her to pull out. Because the green car stopped, the cars behind it were forced to stop so Brown was unable to see Williamson's car in the right lane. Similarly, Williamson did not see Brown's car until it crossed the left lane of Park Street and suddenly entered her lane.

Micklos' primary allegation was that Williamson was traveling at speed which was greater than was reasonable under the circumstances and that her negligence caused the accident. The evidence established that Brown was traveling 5 miles per hour at most because she had just started to move when the collision occurred. The evidence about the speed of Williamson's car is conflicting, however. Williamson testified she was not exceeding the posted speed limit of 30 miles per hour. When Micklos first described the accident to a nurse in the emergency room after the accident, she, too, stated that her daughter's car had been traveling at a slow rate of speed, slower than 30 miles per hour. Micklos subsequently testified at trial that the car was going 30 to 35 miles per hour. Officer Hightower of the Streator police department testified that in his opinion neither of the cars had been traveling at a high rate of speed. He indicated that he based his opinion on the minimal amount of damage the cars sustained and that they were driven from the scene after the collision. Witness Bonnie Greider testified that she saw the events leading up to the accident while glancing in her rearview mirror as she traveled north of the alley on Park Street and approached the intersection with Bridge Street. She stated at trial that Williamson was going fast, but could not estimate her speed. This testimony conflicted with the answers she gave at a deposition on May 29, 1985. At the deposition, Greider stated that she could not give an opinion about the speed Williamson's car was traveling.

Micklos suffered a fractured left kneecap in the accident and required surgery to remove the fragments. Micklos testified that since

the accident and surgery, she has been unable to fully extend her left leg and suffers from continuous pain. The plaintiff's family physician, Dr. Cichon, testified that approximately 1½ years prior to the accident, Micklos was treated for pain in both knees and that she was at that time partially disabled because of chondromalacia or softening of the cartilage in her left knee. Dr. Menguy, an orthopedic surgeon who evaluated Micklos after the accident, stated that in his opinion most of her present pain was due to the chondromalacia rather than the injury she received in the accident.

The jury returned with a verdict for defendant Diane Williamson, and the trial judge entered judgment thereon. The plaintiff filed a post-trial motion seeking either a new trial or entry of a verdict in her favor, claiming the trial court committed several errors and that the verdict was contrary to the law and the evidence. The plaintiff's motion was denied and this appeal followed.

■ Prior to trial, Micklos filed a motion challenging the array, contending that justice required prospective jurors to be questioned on their feelings about insurance before they are assigned to a particular case. She alleged that this type of inquiry would identify biased or prejudiced jurors without improperly suggesting to the jury that any particular defendant has liability insurance. The motion was denied. On appeal Micklos argues that the court erred in denying her motion challenging the array. It is well established that a challenge to the array is directed toward the manner in which the venire was selected and not to the competency of those selected to be impartial jurors. (*People v. Flowers* (1985), 132 Ill. App. 3d 939.) Micklos did not allege that the jury panel was improperly drawn. She contended only that the present methods of obtaining information about jurors' backgrounds does not provide for adequate discovery of their feelings on insurance and should be modified. We therefore conclude that the challenge to the array was properly denied.

A few days before trial, the plaintiff filed a motion requesting the court to require the defendant to disclose the names of jurors who had a financial interest in or who have family members with a financial interest in any mutual insurance company in La Salle County so that they could be excused for cause. Alternatively, the plaintiff requested permission to interrogate the jurors about any connections they might have with the companies. The plaintiff again contended that because the defendant was insured by a mutual insurance company, jurors who were also insured by a mutual company might be biased against the plaintiff because their insurance rates might increase if she received a large jury award. The court denied the motion

and the alternative request, stating there was not a sufficient showing of a reasonable probability that any of the jurors possibly had an interest in or connection with the company involved. Further, the plaintiff did not establish by affidavit whether the defendant was insured or what particular mutual company insured her.

■ On appeal Micklos contends that the trial court improperly restricted her inquiry into possible juror bias or prejudice regarding insurance. The plaintiff acknowledges the general rule that evidence which informs the jury that the defendant in a personal injury action is insured against liability is inadmissible. She notes that a limited exception to the doctrine prohibiting exposure permits the plaintiff to interrogate prospective jurors on *voir dire* as to their interests in the insurance company involved in the case. A court may allow such an examination if the plaintiff in good faith establishes that there is a reasonable probability that one or more of the jurors called is interested in or is in some way related to the insurance company. (*Wheeler v. Rudik* (1947), 397 Ill. 438.) In *Wheeler*, however, the plaintiff's affidavit supporting her request to interrogate jurors concerning their relationship to liability insurers was found to be insufficient because the affiant did not set forth the names of any jurors or any reasonable grounds to believe any of the jurors might have had an interest in the company. See also *Imparato v. Rooney* (1981), 95 Ill. App. 3d 11.

In the instant case, the plaintiff merely made conclusory statements regarding the probability of jurors having an interest in the insurance company which insured Williamson. No affidavits were filed to support the plaintiff's proposition or show that any juror had a relationship with Williamson's company. As in *Wheeler*, there was simply no basis shown upon which the trial court could have concluded that there was a reasonable probability that any of the jurors or their family members had an interest in the defendant's insurance company or that any jurors had any insurance bias. Therefore, the trial court properly rejected Micklos' requests to interrogate jurors about possible insurance interests or biases.

We note peripherally, however, that because of a rather unusual practice in La Salle County, jury lists are not made available to the parties until the day of trial, just a short time prior to the beginning of the jury-selection process. As a result, neither the plaintiff nor the defendant has an opportunity to preliminarily investigate the potential jurors to determine whether they may have an interest in an insurance company involved in the case and file affidavits in support of a request to interrogate the jurors on such interests. Since prior to trial Micklos did not have the opportunity to establish that there was a

reasonable probability that one or more of the jurors had an interest in Williamson's insurance company, she should have requested a short continuance in order to conduct an investigation of the jurors.

■ On the day of trial, the plaintiff requested the court to inquire whether the jurors viewed a television program which aired the evening before trial, a segment of which dealt with fraudulent personal injury claims, and whether that would affect their ability to be fair and impartial. The judge denied the motion, determining it would call too much attention to the issue and possibly taint the jurors who did not view the program. Micklos contends that the denial of the motion constitutes reversible error. We disagree.

Primary responsibility for *voir dire* is placed upon the trial court, which has broad discretion in determining which *voir dire* questions are appropriate to ask. In the instant case, the judge was asked to inquire about a television program which purportedly dealt with fraudulent personal injury actions. The trial court was not provided with a transcript of the program to determine if the presentation warranted such questioning, and the plaintiff's attorney who made the request did not see the program, so he was unable to give the trial court any meaningful information about the content of the program. The trial court was entirely correct in refusing to conduct any inquiry regarding the segment of the television program; there is no basis in the record to overturn the court's decision on grounds of abuse of discretion.

■ Micklos next argues that the court improperly denied her motion to suppress witness Greider's deposition. The deposition was taken May 29, 1985, at the office of Williamson's attorney. On June 13, 1985, after a transcript of the deposition was prepared, Greider was advised pursuant to Supreme Court Rule 207 (87 Ill. 2d R. 207) that the deposition transcript was available for her to read and sign. Greider chose not to read or sign the transcript within the 28 days provided for in the rule. On the morning of trial, Micklos filed a motion to suppress the deposition. She attached an affidavit from Greider which alleged that some of the answers to the deposition questions were incorrect and given only because she had been instructed to do so by Williamson's attorney. She attached a copy of the deposition with corrections she allegedly made; the corrections primarily changed answers regarding the speed Williamson was traveling. At trial, however, Grieder admitted that when she gave the answers during the deposition, those answers were the truth when given.

The court's decision to allow the deposition to be used in its en-

tirety was correct. Greider had an opportunity to read the transcript and amend her answers during the 28 days provided by Supreme Court Rule 207. She elected to do neither during the allotted time. The consequence of her inaction is that the deposition could be used as fully as if it had been signed. 87 Ill. 2d R. 207.

■ Micklos also requests this court to impose sanctions on the defendant and her insurance carrier for interfering with Greider's deposition testimony. Pursuant to Rule 219(d) (103 Ill. 2d R. 219(d)), she seeks an order granting costs, attorney fees, and expenses. Micklos failed to file a motion with the trial court alleging abuse of discovery procedures and seeking an order for the relief requested here. She likewise failed to request any form of relief from the alleged abuse of discovery procedures in her post-trial motion and as a result waived the issue. Although the issue was waived, we note that it is axiomatic that the trial court is in a much better position to determine whether sanctions are appropriate, so the decision to impose sanctions is quite logically left to the sound discretion of the trial judge. As the trial judge in the instant case was never requested to impose any sanctions against defendant Williamson, nor did he impose sanctions *sua sponte*, we decline to fulfill the plaintiff's request for sanctions on appeal.

■ Micklos also claims that the defendant should be sanctioned for refusing to produce original photographs and instead producing copies in response to a discovery request. The record contains no evidence of Williamson's refusal to comply with a discovery request, and the plaintiff did not file a motion with the trial court to compel compliance with any of her discovery requests. We are therefore unable to find any justification for imposing the sanctions Micklos now seeks.

■ Micklos next urges that the court erred when it admitted the hospital record made by the emergency-room nurse who took Micklos' history shortly after she arrived at the hospital. She also asserts that the trial court erroneously allowed Dr. Cichon, her family doctor, to testify about her preexisting medical condition because she had not seen him for more than a year prior to the accident. Williamson calls our attention to the fact that prior to trial, the plaintiff filed a motion *in limine* requesting both the record and the testimony be excluded, but the motion was denied. Because Micklos then failed to make proper and timely objections to the offers of the document and the testimony at trial, she waived consideration of the issues on appeal. See *Department of Public Works v. Roehrig* (1976), 45 Ill. App. 3d 189.

■ The plaintiff next insists that it was error for the court to al-

low the jury to hear the testimony of Officer Hightower, who investigated the accident, because his testimony was not probative and he failed to qualify as an expert witness. We disagree. We first note that the plaintiff objected to the officer's testimony only when he stated that in his opinion neither of the vehicles was traveling at a high rate of speed at the time of the accident. Hightower testified that during his eight years as a police officer, he had investigated several accidents and, based on his investigations, he was able to make a judgment about whether high speed was a factor in an accident. Because of his experience in accident investigation, the officer possessed knowledge of a specialized nature beyond that of the average person on the matter of speed as it relates to car accidents, and testimony of the speed of Williamson's car was material to the instant litigation. Thus Hightower qualified as an expert witness under Supreme Court Rule 220 (103 Ill. 2d R. 220). Furthermore, as his testimony was probative on the issue of the defendant's speed of travel, it was not error to allow him to testify that speed was not a factor in this accident.

■ Micklos next argues that the trial court erred when it failed to direct a verdict in her favor when she made the motion at the close of her case. She alleges that she was entitled to a directed verdict on the issue of liability because, as a passenger in Williamson's car, she had no obligation to operate the vehicle and therefore could not have been negligent in causing the accident. The trial court ruled that the plaintiff's motion was premature.

A plaintiff's motion for directed verdict is usually made after the defendant presents his case since the court is required to examine all of the evidence in the light most favorable to the nonmoving party to make its ruling. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494.) The court in this case properly ruled that the motion was premature, as the defendant had not yet had an opportunity to present her evidence. The plaintiff failed to renew her motion when all the evidence was in and she failed to raise the issue in her post-trial motion, therefore she waived the issue on appeal. *Gallick v. Novotney* (1984), 124 Ill. App. 3d 756; Ill. Rev. Stat. 1985, ch. 110, par. 2—1202(a).

■ Micklos finally cites as error the court's refusal to give four of her requested jury instructions. Because three of the instructions were not cited in the plaintiff's post-trial motion, consideration of the failure to give them was waived. (*Ogg v. City of Springfield* (1984), 121 Ill. App. 3d 25.) With regard to the fourth instruction, we need not consider whether the court erred in refusing to give it to the jury

because we conclude that the plaintiff's post-trial motion was not sufficiently specific to preserve that question for review. (*Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344.) In *Brown* the court determined that merely listing the numbers of the supposedly erroneous instructions in the post-trial motion does not generally give the trial court sufficient opportunity to make an informed reexamination of its earlier ruling. In the instant case, the plaintiff alleged in her post-trial motion, "The court erred in disallowing certain tendered instructions to the jury, to wit: (a) Plaintiff's Instruction No. 6 ***." This allegation of error does not specify the grounds upon which it is based and is clearly inadequate under the standard enunciated in *Brown* and in section 2—1202(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202(b)), which also requires the movant to specify grounds in support of the points alleged in a post-trial motion. We therefore do not reach the issue of whether the instruction was erroneously denied.

For the reasons stated, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.